[Civil No. 4633. Filed January 10, 1944.]

[144 Pac. (2) 547.]

GUY F. ATKINSON COMPANY, a Corporation, and W. E. KIER, E. L. KIER, JOHN A. KIER, LULU KIER and IVAH DAWN KIER, a Co-partnership doing business as W. E. KIER CONSTRUCTION COMPANY, Petitioners, v. L. L. KINSEY and THE INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Mr. C. Leo Guynn, for Petitioners.

Mr. H. S. McCluskey and Mr. Fred O. Wilson, for Respondent Industrial Commission.

WINDES, Superior Judge.—The fact situation is as follows:

The respondent, L. L. Kinsey, hereinafter referred to as applicant, was employed by petitioner, Atkinson-Kier Company, hereinafter referred to as the Company. The applicant claims to have been injured by an accident arising out of said employment on September 8, 1942. His claim for compensation was duly filed on September 29th, and on October 2nd he called at the office of respondent Industrial Commission and was advised by the assistant claims manager that his claim was being denied, due to the fact that there was no accident disclosed. He advised the assistant claims manager that he could not accept such a ruling without protest and would turn his case over to an attorney. On October 7, 1942, the commission made findings and award and found that the disability from which applicant was alleged to be suffering was not proximately the result of an injury sustained in the course of his employment. The award in addition to denying compensation provided that any party aggrieved might apply for rehearing at any time within twenty days after service of the award. Service was duly made by mailing, was received by applicant, and applicant testified he knew that application for rehearing should be filed within twenty days.

Applicant further testified that he turned the matter over to his attorney and was advised that the

award was binding. According to the record, the next time applicant contacted the commission was on February 24, 1943, at which time it appears he came in to see about further treatment for the injury and was told that if he desired to reopen his first filing (he had received a prior injury while working for another employer) to file written request to that effect. On March 16, 1943, more than five months after the award denying him compensation, he filed a petition for a rehearing on both his cases. Subsequent to the filing of this petition for rehearing the commission entered an order excusing the failure of applicant to file his petition within the twenty days, as required by its rule, and as recited in the order, and set the matter for hearing and over the protest of the company the commission rendered its decision on rehearing and ordered compensation.

Petitioner's first contention is that no petition for rehearing having been filed until several months after the award of October 7, 1942, denying compensation, the decision of the commission to the effect that there was no compensable injury became final, and the commission had no power nor jurisdiction to reopen the case and grant a rehearing. Rule 33 of the commission provides in effect that any party aggrieved by any award or decision of the commission granting or denying compensation must file his application for rehearing within twenty days after service of the award. The award questioned herein by its terms likewise required application for rehearing to be made in like time.

The Industrial Commission in making the award acts judicially (*Doby* v. *Miami Trust Co.,* 39 Ariz. 228, 5 Pac. (2d) 187), and its judgment upon the facts then existing is *res adjudicata. Zagar* v. *Industrial Commission,* 40 Ariz. 479, 14 Pac. (2d)

472. *Schultz* v. *Industrial Commission*, 44 Ariz. 357, 37 Pac. (2d) 372, 374.

In *Schultz* v. *Industrial Commission, supra,* the award was made for temporary disability and permanent partial disability. No application for rehearing nor appeal was had from this award. Several months subsequent thereto the commission of its own motion amended the award as to the permanent partial disability. Petition for rehearing was submitted as to the latter award. It was contended that the case was reopened for all purposes, and the court held that no inquiry could be made concerning conditions prior to the first award and said:

"An award not appealed from is as binding upon the commission as it is upon the workman, and may not be further reviewed so far as the findings as to the compensation due to the workman at that date are concerned."

█ Respondents urge that since the commission made Rule 33 that it had the right to waive it. We recognize that the commission may in the interest of justice and under proper circumstances waive strict compliance with its own rules, but this presupposes jurisdiction to act in the matter. The commission does not have continuing jurisdiction for an indefinite length of time for all purposes. When a matter is decided and the judgment becomes final, the jurisdiction is exhausted and the court has no more power to waive a rule than it has to commit any other judicial act concerning the subject matter.

█ A court cannot re-create an exhausted jurisdiction by waiving a rule that has already operated to close the book of judicial inquiry. There must at some time be an end to litigation. To uphold the commission herein would lead to interminable confusion and uncertainty. No one interested would ever know what were his ultimate rights and obliga-

tions. It is not a case of rearrangement of an award and the principles concerning an increase or rearrangement have no application. The principles herein announced are approved in other jurisdictions. *Tulsa St. R. Co.* v. *Industrial Commission,* 105 Okl. 265, 232 Pac. 418; *Cooper* v. *United States Fidelity & Guaranty Co.,* Tex. Com. App., 29 S. W. (2d) 971; *Salt Lake City* v. *Industrial Commission,* 61 Utah 514, 215 Pac. 1047.

We hold, therefore, that the Commission had no jurisdiction to make the award herein. There is no necessity of considering the other points raised. The award is set aside.

ROSS and STANFORD, JJ., concur.

Because of the illness of Chief Justice McALISTER, the Honorable DUDLEY W. WINDES, Judge of the Superior Court of Maricopa County, was called in to sit in his place and stead.