173 P.2d 753

SMITH v. INDUSTRIAL COMMISSION
et al.

No. 4875.

Supreme Court of Arizona.

Oct. 28, 1946.

Fred O. Wilson, of Phoenix, for petitioner.

John R. Franks, of Phoenix (H. S. McCluskey, of Phoenix, of counsel), for respondents.

STANFORD, Chief Justice.

This case comes before us on a petition for a writ of certiorari asking, among others things, that the petitioner have a rehearing on his case pending before the commission.

Petitioner was an applicant before the Industrial Commission under the provisions

44

of the Arizona Workmen's Compensation Act, and on March 24, 1945, the commission entered its amended findings and award, the award containing the following usual order at the close of the award "that any party aggrieved by this award may apply for rehearing of the same, by filing application therefor at the office of this Commission, within twenty days after the service of this award, as provided by the rules and regulations of this commission; * * *" The award was served on the applicant by mail on the day it was made, March 24, 1945. Petitioner on April 11, 1945, advised the commission as follows:

"This is to inform you that I have retained Mr. Fred O. Wilson, of Phoenix, Arizona, as my attorney to represent me and handle all matters in connection with my claim against the Arizona Brewing Company and The Industrial Commission. This claim is numbered CC 234.

"This letter will also serve as your authority to make available to Mr. Wilson for his perusal any files, records, etc. that you have in connection with my claim."

Mr Wilson, on the same date, April 11, 1945, sent the commission the following communication:

"This letter is being written on behalf of my client, Mr. H. J. Smith.

"Under date of March 24, 1945, your Commission issued 'Amended Findings and Award for Unscheduled Permanent, Partial Disability under Provisions of Section 56-957, sub-sections (c) and (d), Arizona Code Annotated 1939.'

"Mr. Smith wishes to apply for rehearing from the amended findings and award above referred to and this may be considered notice of such application as required by law in the rules and regulations of the Commission. Formal petition and application for rehearing will be filed within a very short time when results of medical examinations which Mr. Smith has taken are available and may be referred to in the formal application."

As to any action taken further in the way of a follow up formal application, as referred to by Mr. Wilson, none was taken, nor was anything done until September 13, 1945, at which time the commission entered its findings and order as follows:

"Findings

"1. That on March 24, 1945, this Commission made and entered its Amended Findings and Award, awarding accident benefits, temporary compensation, and compensation for partial permanent disability.

"2. That said Findings and Award provided that any party aggrieved by said award might apply for rehearing of the same by filing application therefor at the office of this Commission within twenty days after the service of said award, as provided by the rules and regulations of this commission.

"3. That on April 11, 1945, said applicant through his attorney, Fred O. Wilson, notified the Commission that said applicant wished to apply for a re-hearing in connection with Amended Award dated March 24, 1945; that formal petition and application for re-hearing has not been filed by said applicant in compliance with rule (34*) 37 of the Rules and Procedure before this Commission. (*Typographical error)."

"Order

"It is ordered that the within applicant file with this Commission his Petition and Application for Rehearing in the within matter on or before Friday, October 5, 1945.

"It is further ordered that in the event the within applicant fails to file with this Commission on or before Friday, October 5, 1945, his Petition and Application for Rehearing in the within matter, that the right to seek a re-hearing in the within matter will be deemed waived and abandoned, and the Amended Findings and Award heretofore made by this Commission on March 24, 1945, will become final on Saturday, October 6, 1945."

The foregoing findings and order were served upon both petitioner and Mr. Wilson, his attorney, through the United States mail. Nothing was heard from petitioner by the commission until November 9, 1945, on which date said petitioner filed with the commission his petition and application for rehearing. On November 16, 1945,

the commission made and entered its order denying the application for rehearing on the grounds that the award of March 24, 1945, had become final on October 6, 1945,

Petitioner has submitted eight assignments of error in support of the petition for his writ. We determine the gist of all of the assignments from the following four assignments of error:

"3. That the letter dated April 11, 1945, was sufficient under the law and rule 33 of the Commission, to require the Commission to set the application of petitioner for hearing or re-hearing."

"4. That rule 34 of the rules of procedure before the Industrial Commission is arbitrary, unreasonable and the form of application required to be filed by the Industrial Commission of Arizona, the same being form C446, is not in accordance with the said rule and is impractical and requires the applicant to plead his evidence before the hearing or re-hearing."

"7. That the Commission failed to set the application of April 11, 1945, for hearing or re-hearing."

"8. That the Commission has failed, neglected and refused to grant petitioner the relief prayed for in his application of April 11, 1945."

There became effective on January 1, 1943, a set of rules of procedure to be followed in practicing before the commission. Those rules remained in effect until April 1, 1945. The old rules, as we will term

them, having regard to rehearings were rules 33 and 34. Those rules were superseded by the new rules 37 and 38. Rules 34 and 38 are identical in their wording. This we stop to mention due to the fact that the petitioner herein uses the numbers of the old rules in some parts of his brief instead of referring to the new rules.

Petitioner, in his brief, states, "The crux of this appeal rests upon the requirements of Rule 38 of the Rules of Procedure before the Industrial Commission."

Petitioner further states: "Briefly, the position of Petitioner in this matter is that the provisions of Rule 38, above referred to, go beyond the requirements of the law and the requirements of the Commission, and the necessity of the Commission to perform its duty, and that that rule is illegal and improper and that Petitioner complied with the requirements of the law when he filed with the Commission, through his attorney, his letter dated April 11, 1945, * * *"

So, we see that the contention of the petitioner is that the commission should have considered the letter of the attorney for petitioner, letter dated April 11, 1945, as his petition for re-hearing and should have set the matter down for hearing.

Rules 37 and 38 involved herein are as follows:

"37. Rehearing; Time of Application; Protest:—Any party aggrieved by any award or decision of the Commission granting or denying compensation must file his application for a rehearing thereof at the office of the Commission within twenty (20) days after the service of the award or the decision complained of.

"In the event the party aggrieved by any award or decision of the Commission granting or denying compensation, files his written notice of protest within twenty (20) days after the service of the award or the decision complained of, said notice of protest will stay said award or decision from becoming final and will allow said aggrieved party twenty (20) days from the date of filing said written notice of protest within which to file his application for a rehearing of said award or decision at the office of the Commission. Failure to file said application for rehearing within said twenty (20) days from the filing of said written notice of protest constitutes a waiver of the right to rehearing."

"38. Grounds for Rehearing Must Be Set Forth:—Such application must be verified on oath, and must set forth specifically and in detail the grounds on which the applicant therefor considers such award or decision to be unjust or unlawful, and every issue to be considered by the Commission.

"(a) If the grounds upon which such rehearing is requested are that the evidence does not justify the findings or that the findings do not support the decision or award, the application for rehearing shall state specifically wherein the findings are

not supported by evidence, or wherein the decision or award is not justified by the findings. .

"(b) Every ground of complaint, or defense, to such award or decision not so specified in such petition shall be deemed fully and finally waived.

"(c) Where the applicant for such rehearing desires to introduce new evidence, the application shall set forth specifically and in detail the nature and substance of the new evidence, with the names and addresses of the witnesses to be produced, the exhibits to be introduced, and a full statement why such evidence, exhibits or testimony could not have been produced prior to the rendering of the award or decision, with the exercise of reasonable diligence. Such offer of new evidence may be disregarded unless this rule is complied with. See: Sections 56-904, 56-910 and 56-973, Arizona Code, 1939."

The first case cited by petitioner is Hogle v. Arizona Concrete Co., 44 Ariz. 1, 33 P. 2d 589. A portion of the facts will suffice to give the gist of the case. We quote:

" * * * Thereafter, and on the 8th day of December, 1933, he filed another application for rearrangement of compensation, on the ground that his condition was growing steadily worse by reason of pressure on the nerves, caused by the spinal injury received at the time of the original accident. On the 21st day of December the Commission denied the application, and within the proper time therefrom petitioner applied for a rehearing. On the 16th day of February, 1934, and without granting him the opportunity to appear personally and present such evidence as he might have regarding his claim of newly discovered aggravation of the injuries for which he had previously been allowed compensation, the Commission denied the petition for rehearing, and the matter was brought before us for review."

This court said in respect to the rights of the petitioner in that case:

"One of the first principles applying to judicial determinations of every nature is that every person is entitled to his 'day in court'; that is, the opportunity to present his case fully and freely at least once before an impartial tribunal. Petitioner was therefore entitled to at least one opportunity to present to the Commission what evidence he might have bearing upon his last petition for a readjustment of compensation.".

Section 56-904, A.C.A.1939, in part, reads:

" * * * The commission may adopt rules of procedure, rules for the fixing of rates, for the presenting of claims, and such other rules and regulations as are necessary for its business, and change the same from time to time. * * *"

Petitioner's opening brief quotes from the case of Johnson v. T. B. Stewart Const. Co., 37 Ariz. 250, 293 P. 20, 22, "The object

is not to follow any particular procedure but the one which in the judgment of the commission is 'best calculated to ascertain the substantial rights of the parties and to carry out the spirit of this article.'" The foregoing quotation from this court came during discussion in that case of entirely another matter. We quote both before, including and after the quotation by petitioner as follows:

"However, if it be conceded that all the testimony bearing upon claimant's demand for compensation was taken before a referee, we do not think the commission, in basing its findings thereon, acted without jurisdiction or in excess thereof. The Compensation Act does not undertake to prescribe a procedure for the commission in the hearing of claims for compensation. The procedure is left largely to the discretion and judgment of the commission. The pertinent provision in that connection is section 1453, Reversed Code of 1938, and reads:

" 'The commission shall not be bound by the rules of evidence, or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out the spirit of this article.'

"The object is not to follow any particular procedure but the one which in the judgment of the commission is 'best calculated to ascertain the substantial rights of the parties and to carry out the spirit of this article.' When it is considered that every year the commission is presented with thousands of claims, it is at once evident that, in order to care for them all with dispatch, the commission must depute some of the work to others. The detail of taking and certifying the testimony to the commission for its consideration in determining the rights of the parties violates no statutory or constitutional right. * * *"

Accordingly we see no application whatsoever of the case of Johnson v. T. B. Stewart Const. Co., supra.

We will now comment on the case of Hogle v. Arizona Concrete Co., supra. We quoted from that case these words: "On the 21st day of December the Commission denied the application, and within the proper time therefrom petitioner applied for a rehearing. On the 16th day of February, 1934, and without granting him the opportunity to appear personally and present such evidence as he might have regarding his claim of newly discovered aggravation of the injuries for which he had previously been allowed compensation, the Commission denied the petition for rehearing * * *" In the instant case there is nothing to be compared with this. Rule 37 of the commission provides that any party aggrieved by any award or decision of the commission must file his application for a rehearing within twenty days. The rule requires that he file an

application for a rehearing. The letter of appellant's attorney merely stated that Mr. Smith wished to apply for a rehearing "and this may be considered notice of such application. * * *" The rule does not provide for the giving of any notice; the rule requires an application to be filed. It is possible that this letter of the attorney might be considered a notice of protest under Rule 37. The rule provides that after the timely receipt of a notice of protest the award will be stayed for a period of twenty days from its receipt. The applicant did not file an application for a rehearing within the original twenty days nor did he file an application for rehearing within the twenty-day period after filing what may be termed as sufficient notice of protest.

■ In the case of Atkinson Co. v. Kinsey, 61 Ariz. 127, 144 P.2d 547, the applicant filed a request for a rehearing more than five months after the award had been made denying compensation. The commission entered its order excusing his failure to file within the twenty-day period; set the matter for rehearing over the protest of the employer; and then rendered its decision on rehearing, giving compensation. In that case we held that the commission was without jurisdiction to waive the rule and could not recreate an exhausted jurisdiction.

In the instant case, the applicant in attempting to file his formal application in November is proceeding contra to the rule laid down in the Atkinson case which is still the law in this state.

■ Not having filed any application for a rehearing, the applicant cannot be heard to complain of the requirements contained in Rule 38. Had he filed an application and made an attempt to comply with Rule 38 and his application then denied for want of sufficient compliance, this court would have before it then the question as to whether or not the requirements of the rule are arbitrary or unreasonable.

We have read the cases of Rogan v. Ferry, 9 Cir., 154 F.2d 974, and Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253, submitted by petitioner, and we have found nothing in point upholding his contention.

Again we recite the facts, that the award was made March 24, 1945, and on April 11, 1945, within the twenty-day period, the attorney for petitioner advised the commission that his client wished to apply for a rehearing. He further advised: "Formal petition and application for rehearing will be filed within a very short time when results of medical examination which Mr. Smith has taken are available and may be referred to in the formal application." Did the commission, soon after the receipt of that letter, notify the petitioner, or his attorney, that they should come in? They did not, but instead on September 13, 1945, notified the petitioner, through his attorney: "That in the event the within applicant fails to file with this

Commission on or before Friday, October 5, 1945 his Petition and Application for Rehearing in the within matter, that the right to seek a rehearing in the within matter will be deemed waived and abandoned, and the Amended Findings and Award heretofore made by this Commission on March 24, 1945, will become final on Saturday, October 6, 1945." Petitioner does not say that notices sent by the commission at any time of these important matters were not received through the mail. There must be an orderly way to carry on business. The commission had a right, under the law of our state, to adopt rules. Those rules they have adopted. They, however, have not been very strict with them.

Under the theory advanced by petitioner the matter could have gone on for a year longer with nothing being settled, and then petitioner could come in and insist on a rehearing. So there must be a time to end all things. Because there has been unreasonable delay on his part is no reason why we should now be called on, as a court, to cast out the rules of the Industrial Commission, after so long a period had been given to this petitioner, and by throwing out such rules establish a law by which there would never be a time when the commission could determine when it should bring to a close a case that had been once determined.

Award affirmed.

LA PRADE and MORGAN, JJ., concur.