212 P.2d 999

### NOLASCO v. BORDEN CO. et al.

### No. 5239.

Supreme Court of Arizona.

Jan. 3, 1950.

Terrence A. Carson, Phoenix, for petitioner.

H. S. McCluskey, Phoenix, Robert E. Yount and Donald J. Morgan, Phoenix, of counsel, for respondents Industrial Commission of Arizona.

**UDALL, Justice.**

By certiorari proceedings we are asked to review an award of the Industrial Commission of Arizona denying further compensation or accident benefits to petitioner, Luciano Nolasco, for claimed new and additional disability due to an injury which he had previously received.

The facts, stated in the light most favorable to sustaining the award, are as follows: The petitioner, then aged 41 years[1], admittedly sustained an injury by accident arising out of and in the course of his employment with respondent, The Borden Company, a corporation. Said employer was insured in the state compensation fund and was subject to the Workmen's Compensation Law. According to his own statement, the petitioner, a garage mechanic, on February 5, 1947, "was lifting a battery from car, foot slipped causing fall and pain in right side". The accident was immediately reported and he was referred to Dr. Reed Shupe who promptly diagnosed the injury as a direct inguinal hernia on the right side and suggested surgical repair. The Commission assumed jurisdiction, had the employee examined by Dr. R. F. Palmer, its acting medical advisor, who confirmed the diagnosis of Dr. Shupe, and then it advised the petitioner authorization had been given to perform the needed operation, stating that necessary surgical and hospital benefits would also be allowed. The operation was successfully performed

by Dr. Shupe on April 16, 1947 and on June 10, 1947, findings were made and an award for temporary disability entered. This award became final and was fully paid.

The petitioner on March 3, 1949, presumably proceeding under the Commission's rule of procedure number 64, filed with the Commission what is denominated "Petition and Application for Readjustment or Reopening of Claim" seeking additional compensation and accident benefits for hernia on the left side. This petition recites, "At the time the right hernia occurred, *there must have started a left hernia. I didn't know that I had a left hernia until I was examined by Dr. Blanner,* of the Kennecott Copper Company at Ray, Arizona, in September, 1948, * * *". (Emp. sup.) Accompanying the petition, which was not predicated upon any new accident, was a letter from Dr. Shupe in which there is no mention of any causal connection between the present disability and the accident of February 5, 1947, but is merely to the effect that a physical examination now reveals a left indirect inguinal hernia. This letter further states that at the time of the operation for the right hernia (April 1947) "there was no hernia on the left side". This latter statement is in keeping with Dr. Palmer's report dated March 10, 1947, to the effect that "The left ring is natural; no protrusions; no impulse. * * *" Petitioner further supported his application with an affidavit from one Ralph A. Dwyer who said that a few days after petitioner

was injured he saw, or was shown, the swelling in the right groin, and that at the same time the petitioner complained about vague pains in the left groin in the opposite locality of his injury. This statement however is contradictory to the question and answer—"Q. Did you mention or show the same to anyone? A. No."—contained in petitioner's report of hernia dated February 25, 1947.

Based upon this showing the Commission on March 11, 1949 entered an award denying petitioner further compensation or accident benefits. Petition for rehearing was then filed which did not comply with the Commission's rules Nos. 37 and 38. These rather lengthy rules are set forth haec verba in the case of Smith v. Industrial Commission, 65 Ariz. 43, 173 P.2d 753, in that he failed to submit the names of additional witnesses, if any, he desired to have called, nor did he outline any further testimony that he desired to submit. Under these circumstances we hold that the Commission did not err in denying the petition for rehearing without conducting a formal hearing thereon, because the rule itself provides "* * * Such offer of new evidence may be disregarded unless this rule is complied with." (Rule 38) Of course had the rules been followed the Commission would have been bound to set the matter down for formal hearing.

The statute expressly provides that for an applicant in a hernia case to be entitled to an award it must be proved: "* * *

That the immediate cause, which calls attention to the presence of the hernia, was a sudden effort or severe strain or blow received while in the course of employment; *that the descent of the hernia occurred immediately following the cause;* that the cause was accompanied, or immediately followed, by severe pain in the hernial region, and that the above facts were of such severity that the same were noticed by the claimant and communicated immediately to one or more persons, * * *." (Emp. sup.) Section 56-959(b), A.C.A.1939.

According to petitioner's own statement he does not know when the left hernia descended. At the least calculation some eighteen months intervened before it was discovered by the physician for the Kennecott Copper Company at Ray, Arizona, when petitioner applied for employment. Certainly there was no immediate descent of the left hernia following the accident of February 5, 1947, else Doctors Shupe and Palmer would have observed and reported it.

The recent case of Williams v. Industrial Commission, 68 Ariz. 147, 202 P.2d 898, 899, which involved both right and left hernias, discussed the connection if any between the two areas in language that is apropos to our problem in the instant case. We quote: " * * * There is not a scintilla of evidence, medical or otherwise, in the record as to what caused the left hernia, or whether there was or could be any relation as to cause and effect between the development of the inguinal hernia on the left side and the operative procedure on the right. The medical testimony set forth in the case of Lewis v. Southern Advance Bag and Paper Co., La.App., 28 So.2d 68, would indicate that there is only a slight conflict in medical opinion as to whether there is even an inter-relationship between the two regions."

 The requirements of the statute were not met by the evidence submitted by petitioner, hence no compensatory award could have been lawfully entered for the claimed injury to the left hernial region.

Award affirmed.

LA PRADE, C. J., and STANFORD, PHELPS, and DE CONCINI, JJ., concurring.