280 P.2d 268

Dennis E. GREEN and James B. Green, Petitioners,

v.

The INDUSTRIAL COMMISSION of Arizona, B. F. Hill, F. A. Nathan and A. R. Kleindienst, members of said Commission, L. D. Poor, applicant, and Bear Canyon Mining Company, defendant-employer, Respondents.

No. 5988.

Supreme Court of Arizona.

Feb. 21, 1955.

Rawlins, Davis, Christy, Kleinman & Burrus, Phoenix, for petitioners.

348

Donald J. Morgan, Phoenix, for respondent Industrial Commission, John R. Franks, Robert K. Park, Phoenix, and John F. Mills, Prescott, of counsel.

D. E. Rienhardt, Globe, for respondent L. D. Poor.

Shimmel, Hill & Hill, Phoenix, for respondent Bear Canyon Mining Co.

WINDES, Justice.

Certiorari to the Industrial Commission to determine the validity of an award granting compensation to L. D. Poor, hereinafter designated respondent, against Dennis E. Green and James B. Green, hereinafter designated petitioners.

Respondent was employed by the Bear Canyon Mining Company, an association of certain individuals, and in February, 1954, filed application for compensation with the Industrial Commission of Arizona, hereinafter referred to as the commission. The commission assumed jurisdiction and made its usual investigation and on March 25, 1954, made findings and award that the respondent and employer were not subject to the provisions of the Arizona Workmen's Compensation Law for the following reason:

"That prior to February 1, 1954, to wit: on April 10, 1952, said applicant, L. D. Poor, signed and executed a valid rejection of the Arizona Workmen's Compensation Law; that said valid rejection was so signed and executed on a date preceding said applicant's injury and this Commission lacks jurisdiction in the premises."

The award further ordered that any aggrieved party may apply for rehearing within ten days after service and the same was regularly served in accordance with the rules of the commission. Respondent filed a motion for rehearing on April 30, 1954, over a month after service of the award. This application for rehearing claimed that the award was unjust and unlawful and invalid for the reason that applicant was given no opportunity to appear prior to the award and that the evidence on rehearing would show that "claimant is entitled to an award under 'No Insurance'". After receiving this application for rehearing the commission, four days later, made the following order:

"Good cause appearing therefor, it is ordered that the Findings and Award For Non-Compensable Cases rendered in the above-captioned case by this Commission on the 25 day of March, 1954, be, and the same is hereby, rescinded."

Rehearing was had and upon a finding there was no policy of workmen's compensation insurance, the commission made an award for compensation against petitioners under the provisions of section 56–947, A.C.A.1939.

The petitioners contend that the first award of March 25th became final because

respondent did not make application for rehearing within 20 days as required by Rule 37 of the Industrial Commission which reads so far as applicable as follows:

"Any party aggrieved by any award or decision of the Commission granting or denying compensation must file his application for a rehearing thereof at the office of the Commission, Arizona State Building, Phoenix, Arizona, within twenty (20) days after the service of the award or the decision complained of."

█ This court has consistently held that if no application for rehearing is made within 20 days after service of the award, the same becomes final and the commission thereafter has no power nor jurisdiction to change or review its decision. Guy F. Atkinson Co. v. Kinsey, 61 Ariz. 127, 144 P.2d 547; Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217; Hamlin v. Industrial Commission, 77 Ariz. 100, 267 P. 2d 736. We have been urged to make exceptions to this rule but have refused except in two instances: where there was a mutual mistake in fact, Martin v. Industrial Commission, 63 Ariz. 273, 161 P.2d 921, and where there was a stenographic error and the record could be changed to speak the truth, Hamer v. Industrial Commission, 43 Ariz. 349, 31 P.2d 103. Never have we relaxed the rule to the extent of authorizing the commission to review a former decision after it has lost jurisdiction of the case by reason of the expiration of the time for requesting a rehearing. We could not do so without upsetting the former rulings of this court and depriving the commission's decisions of finality.

The fact that the original decision was based on a finding that the commission did not have jurisdiction to make an award for compensation would not prevent the operation of this rule in the case at bar. The commission had in its files a paper wherein the respondent had rejected the provisions of the workmen's compensation law and decided this rejection deprived respondent of the benefits of the act, thereby depriving the commission of jurisdiction to make an award for compensation. After the petition for rehearing was filed, the commission on May 4th, one month and ten days after the original award, entered its order of rescission and proceeded to recognize the petition for rehearing filed after the expiration of the 20-day period.

█ Respondent and the commission in their briefs contend the commission was mistaken in determining that the rejection was valid when in fact it had been previously voided. All the evidence upon which the commission's rescission order was based was in the records of the commission at the time the original award was made. The effect of allowing the commission to set the first award aside is to allow it to re-evaluate the evidence originally available to it and change its decision

thereon after it has lost jurisdiction of the case. This it cannot do. There was no mutual mistake as in Martin v. Industrial Commission, supra, nor correction of a stenographic error to make the record speak the truth as in Hamer v. Industrial Commission, supra. The commission had jurisdiction of the subject matter and in the exercise of that jurisdiction it had the power to determine the effectiveness of the rejection. It probably erroneously decided the matter but its decision was in the exercise of its jurisdiction and became final and not subject to reversal by the commission upon the expiration of the time for filing an application for rehearing. After the commission has lost power to deal with the case, it cannot of its own motion nor on application of any one re-examine evidence to determine whether its original decision was correct.

Petitioners make a further contention that the undisputed evidence shows they were not employers of respondent at the time of the accident. Since the award allowing compensation is illegal for the reasons given, there is no necessity of passing upon further questions raised by petitioners.

Award set aside.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, Jr., JJ., concur.