281 P.2d 797

Frank L. SMITH, Petitioner,

v.

THE INDUSTRIAL COMMISSION OF ARIZONA, and B. F. Hill, A. R. Kleindienst and F. A. Nathan, as Members thereof, and Grant E. Naegle (Naegle Property Services), Respondents.

No. 6002.

Supreme Court of Arizona.

April 5, 1955.

Rehearing Denied April 26, 1955.

Burton Lewkowitz and John B. Marron, Phoenix, for petitioner.

Donald J. Morgan, Phoenix, for respondent, The Industrial Commission of Arizona, John R. Franks, Robert K. Park, Phoenix, and John F. Mills, Prescott, of counsel.

UDALL, Justice.

Petitioner, Frank L. Smith, obtained a writ of certiorari to review an award of respondent Industrial Commission denying him compensation. The respondent promptly filed a motion to quash the writ and dismiss the petition for lack of jurisdiction, on the ground the award had become *res judicata*. We reserved a ruling upon this motion until the matter was heard on its merits.

An understanding of the problems presented by the motion to quash can best be developed by setting forth the following time-table of the various procedural steps taken:

Year 1954

June 22    Injury occurred.

July 20    Petitioner's report of injury and application for benefits.

August 4    Award entered denying compensation because injury did not arise out of and in the course of employment.

August 21    Notice of protest of award.

Sept. 11    Application for rehearing.

Sept. 20    Order entered denying rehearing and affirming previous award.

October 18    Petition for writ of certiorari filed in this court.

Respondent contends that it necessarily denied petitioner's application for rehearing because it was not filed within the time required by Industrial Commission Rule 37. This Rule provides in part:

"In the event the party aggrieved by any award or decision of the Commission granting or denying compensation, filed his written notice of protest within twenty (20) days after the service of the award or the decision complained of, said notice of protest will stay said award or decision from becoming final and will allow said aggrieved party twenty (20) days from the date of filing * * * within which to file his application for a rehearing * * *. *Failure to file said application for rehearing within said twenty (20) days from the filing of said written notice of protest constitutes a waiver of the right to rehearing.*" (Emphasis supplied.)

From the schedule heretofore set forth it appears that Notice of Protest was timely filed, which notice, on a form provided by the Commission, contained, *inter alia,* the following statement of the provisions of Rule 37, supra:

"If I fail to file in the foregoing manner said Petition and Application for Rehearing, it is understood that the Findings and Award, which I am herewith protesting, will become final upon the expiration of twenty days from this date, and that all my rights to a rehearing are waived."

Nonetheless, the application for rehearing was one day late, not being filed until twenty-one days after giving notice of protest.

■ We have previously had occasion to hold that an injured workman must file a petition for rehearing in accordance with the provisions of Rule 37, supra, and that an award becomes *res judicata* and binding upon both the workman and the Commission if such an application is not filed within the time prescribed. See, Green v. Industrial Commission, Ariz., 280 P.2d 268; Nevitt v. Industrial Commission, 70 Ariz. 172, 217 P.2d 1039, and cases there cited. From these decisions it is apparent that petitioner by his failure to file an application for rehearing within twenty days from the date protest was filed, allowed the award to become final, and the respondent Commission therefore properly denied his application on the ground it had "no jurisdiction in the premises". This belated application, being a nullity, need not be further considered.

■ However, petitioner in his response to the motion to quash the writ of certiorari herein, states:

"While assuming, without admitting, that the commission was correct in denying the application for rehear-

ing on the stated grounds, this does not in any way derogate from the jurisdiction of this Court to grant certiorari."

The right to review an award of the Industrial Commission is given by section 56–972, A.C.A.1939, which provides that petition for a writ of certiorari must be filed in this court

"Within thirty (30) days after the application for a rehearing is denied, or if the application is granted within thirty (30) days after the rendition of the decision on the rehearing * * *."

Petitioner contends that he having filed his petition for certiorari within thirty days from the time his application for rehearing was denied, the court has jurisdiction to review the original award as entered. In support of this contention he relies upon the following language of this court in the first decision rendered in Hershkowitz v. Arizona Highway Dept., 56 Ariz. 494, 109 P.2d 46, 47:

"We think * * * they [Petitioners] failed to make the application for rehearing within the time required by the rules. (cit.) This, however, does not deny to petitioners their right to a writ of *certiorari* to review the award as made. Section 56–972, A.C.1939. It limits them, however, to the question as to whether the

record made on the original award sustains it * * *."

While a casual reading of the language quoted would seem to support the contention of petitioner in the instant case, the Hershkowitz case is clearly distinguishable on its facts. The timetable there is as follows:

Year 1940

July 24 Award entered.
Aug. 22 Petition for rehearing filed and denied same date.
Aug. 23 Petition for writ of certiorari filed in this court.

(While this latter date is not shown in the reported decision it does appear on our docket of which we take judicial notice.) It will be noted that while a late application for rehearing was filed twenty-nine days after the original award was made, nevertheless the petition for certiorari was filed within thirty days after the award was entered.

That case, therefore, stands only for the proposition that an award which has become final by failure to file an application for rehearing within twenty days may nonetheless be given a limited review by certiorari upon petition filed within the period of thirty days after the original award was entered.

However, an examination of the original briefs in that case shows that only the jurisdiction of the Commission to grant a

rehearing was briefed. Specifically, the question as to whether—under section 56-972, supra—an appeal may be taken from an original award when the injured party did not exhaust his administrative remedy by first filing a timely application for a rehearing, thus giving the Commission an opportunity to reconsider the award as originally entered, was not briefed or directly passed upon. Nevertheless, from a reading of the opinion in the Hershkowitz case, supra, as well as the decision in the second appeal, Hershkowitz v. Arizona Highway Dept., 59 Ariz. 10, 121 P. 2d 879, it is obvious that this court considered it had jurisdiction because the petition for certiorari was filed within a period of thirty days after the award was entered.

To decide the problem here before us we need not re-examine that matter and test the conclusion reached, for assuming but not deciding the correctness thereof, the petition for certiorari in the instant case was filed after more than thirty days had elapsed from any date that might be urged as a measuring point under such a rule.

Accordingly, we hold that the petition was not timely filed and we are without jurisdiction to review the award. It is ordered that the writ of certiorari be quashed and the petition dismissed.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.