293 P.2d 671

Betty Jo NARRAMORE, widow of Ernest
Narramore, Petitioner,

v.

FANNIN'S GAS & EQUIPMENT COM-
PANY, Employer, and the Industrial
Commission of Arizona, Respondents.

No. 6105.

Supreme Court of Arizona.

Feb. 15, 1956.

Richard F. Harless and Robt. W. Pickrell, Phoenix, for petitioner.

Jennings, Strouss, Salmon & Trask and Clarence J. Duncan, Phoenix, for respondent, Fannin's Gas & Equipment Co.

John R. Franks, Phoenix, for respondent, Industrial Commission of Arizona, Donald J. Morgan, Robert K. Park and John F. Mills, Phoenix, of counsel.

UDALL, Justice.

Employer's motion to quash the writ of certiorari heretofore issued in this workmen's compensation case raises a jurisdictional question of our right to review, on its merits, an award of the Industrial Commission of Arizona denying death benefits to petitioner Betty Jo Narramore, a widow, and her minor children.

Inasmuch as a ruling on this motion is determinative of the whole matter, we deem it advisable to dispose of same by a written decision rather than by entering the customary minute order.

The undisputed facts essential to the determination of this matter are as follows: Ernest Narramore, an employee of respondent, Fannin's Gas & Equipment Company, was, on November 27, 1954, grievously injured in a collision near Avondale between another motor vehicle and the pickup truck belonging to his employer which he was driving at the time. Two days later Narramore died as a result of the injuries sustained. His widow—hereinafter designated as petitioner—in behalf of herself and their minor children timely filed application for "death benefits" under the Workmen's

Compensation Law, A.C.A.1939, § 56–901 et seq. The employer was insured with the Commission as the insurance carrier. A hearing was had and on January 19, 1955 the Commission entered an award denying her claim for death benefits because it found that decedent did not sustain personal injury "by an accident arising out of and in the course of his employment."

Petitioner then undertook to avail herself of the statutory right, under Section 56–972, A.C.A.1939, to a rehearing. The steps taken were as follows: counsel for petitioner mailed written notice of protest of award which bears date of February 8, 1955, though it was not received by or actually filed with the Commission until the next day, twenty-one days after entry of the award. A formal petition for rehearing was filed on February 28, 1955. The Commission recognized that this situation presented a serious jurisdictional question for determination, i. e., whether the petition for rehearing had been timely filed. The answer to this narrow query necessarily turned on whether the notice of protest, which extends the time for filing a petition for rehearing, had been filed within the time prescribed by the rules of procedure, Rule 37, theretofore adopted by the Commission. Acting on the advice of its chief counsel the Commission, on this record, over the objection of the employer, decided it had jurisdiction to conduct a rehearing. A rehearing was had and thereafter the Commission entered an order on June 13, 1955, affirming its previous award denying death benefits. It is this award which the petitioner now seeks to have reviewed by certiorari. By its response the Commission is not challenging her right to such a review and it has forwarded to this court the reporter's transcript of the proceedings had, together with its complete file in such matter.

■ The employer was a party to the proceeding before the Commission and under Section 56–972, A.C.A.1939, it unquestionably has the right to make this motion to quash the writ of certiorari. The basis of its motion is that under Rule 37, infra, a *written protest must actually be filed* with the Commission within twenty days after entry of award, and if not so filed, there is no extension of twenty days' additional time within which the petitioner may file a motion for rehearing. The controlling rule reads as follows:

"37. Rehearings; Time of Application; Protest:—Any party aggrieved by any award or decision of the Commission granting or denying compensation must file his application for a rehearing thereof at the office of the Commission, Arizona State Building, Phoenix, Arizona, within twenty (20) days after the service of the award or the decision complained of. *Filing of application as contemplated above, means actual receipt of the same at the office of the Commission, and not date of mailing or date appearing on instrument.*

118

"In the event the party aggrieved by any award or decision of the Commission granting or denying compensation, *files his written notice of protest within twenty (20) days after the service of the award or decision complained of, said notice of protest will stay award or decision from becoming final and will allow said aggrieved party twenty (20) days from the date of filing said written notice of protest within which to file his application for a rehearing* of said award or decision at the office of the Commission. Failure to file said application for rehearing within said twenty (20) days from the filing of said written notice of protest constitutes a *waiver* of the right to rehearing." (Emphasis supplied.)

■ We have repeatedly held that if no application for rehearing is made within twenty days after service of the award the same becomes final; further, we have said the Commission may not, after the expiration of the twenty days, waive the rule regarding filing a petition for rehearing within twenty days and thus "recreate an exhausted jurisdiction". See, Guy F. Atkinson Co. v. Kinsey, 61 Ariz. 127, 144 P.2d 547; Smith v. Industrial Commission, 65 Ariz. 43, 173 P.2d 753; Green v. Industrial Commission, 78 Ariz. 347, 280 P.2d 268; Smith v. Industrial Commission, 79 Ariz. 18, 281 P.2d 797.

■ The employer takes the position that precisely the same principle applies in considering the necessity for actual filing of a written protest within twenty days. If this be true then obviously the protest, though dated on the twentieth day, was not timely filed where it did not reach the Commission until the following day. It is to be noted that Rule 37, supra, uses the phrase " * * * *files* his written notice of protest within twenty (20) days * * *." The word "file" is defined in Webster's New International Dictionary:

"Law, a. to deliver (a paper or instrument) to the proper officer so that it is received by him to be kept on file, or among the records of his office."

This definition was held to be controlling in a case arising under the workmen's compensation act of New York wherein it was held that mailing within the required time was not such a "filing" as required by their law. See, Cheesman v. Cheesman, 203 App. Div. 533, 196 N.Y.S. 820, which was affirmed by the State's highest court in a decision reported in 236 N.Y. 47, 139 N.E. 775. For other similar cases see, Vol. 16 Words and Phrases, File, p. 533, et seq.

Petitioner would escape the effect of this generally-accepted definition of *filing* by arguing that the Commission has spelled out what constitutes a filing in the first paragraph of Rule 37—pertaining to filing of application for rehearing—and in effect has made an exception to the general rule insofar as the filing required for a notice of protest is concerned, because the compilers of the rule did not see fit expressly to ap-

ply the same definition to filing in the second paragraph as it did in the first. With this we cannot agree. Certainly if a strict definition of filing is to be applied as to the 20-day period for applying for rehearing then it would be most illogical to interpret this rule to mean that in filing a protest, the sole effect of which is to lengthen the time to apply for a rehearing, a much less formal method of filing—if filing it be at all—was contemplated.

Regardless of the fact that express provision is made as to filing of an application for rehearing, we do not believe the Commission intended in Rule 37 to change the nature of filing as applied to notices of protest. This is not a case where the principle of liberal construction can be applied. We will not apply this principle where the plain unambiguous meaning of a word is at once apparent. Collins v. American Buslines, 79 Ariz. 220, 286 P.2d 214, 216. It follows, then, that the notice of protest herein was not "filed" within the twenty days required by Rule 37.

Hence we hold that the application for rehearing was filed too late, and the Commission therefore lacked jurisdiction to hold the rehearing. This being so, its final order of June 13, 1955 was a nullity as having been entered without jurisdiction. The employer's motion to quash the writ is granted. Writ of certiorari quashed.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.