363 P.2d 579

Josephine Louise NAYLOR, widow, Dorothy N. Naylor, minor child, Petitioners,

In the Matter of Russell Roscoe Naylor, Deceased,

v.

INDUSTRIAL COMMISSION of Arizona and Nealus Webb (S & W Garage), Respondents.

No. 7283.

Supreme Court of Arizona.

En Banc.

July 7, 1961.

W. Edward Morgan, Tucson, for petitioners.

Donald J. Morgan, Phoenix, for respondent Industrial Commission; James D. Lester, Edward E. Davis, C. E. Singer, Jr., Lorin G. Shelley, Phoenix, of counsel.

UDALL, Justice.

Certiorari to review an award of the Industrial Commission denying the application of petitioner to reopen a claim for workmen's compensation.

The record discloses that Russell Roscoe Naylor, an employee of Nealus Webb d. b. a. S & W Garage, became ill while engaged in his employment on January 22, 1960. He was taken to the hospital where his condition was diagnosed as appendicitis. An operation was performed very shortly thereafter and, while still in the operating room, the patient suffered a cardiac failure and died.

The petitioner, Josephine Louise Naylor, filed a claim for widow's and dependent's benefits on the 3rd day of October 1960, alleging that the death of the deceased was due to a heart attack.

The attending physician, at the time of the death of the deceased, issued a certificate listing as disease or condition directly leading to death:

"(a) cardiac arrest due to (b) extensive severe stenosing coronary atherosclerosis, with degeneration and fibrosis of heart muscle of many years; mentioning interval appendicitis of two days as 'significant condition' (contributed to death but not relating to the disease or condition causing death)."

The record shows that the deceased had never reported any injuries during the period of his employment and an investigation did not disclose that an accident had occurred to the employee on the date in question.

Petitioner's attorney, by letter dated November 9, 1960, suggested the possibility that the petitioner would be able to show a medical connection between the death, and the strain and inoxia suffered by the deceased while engaged in his employment.

On the 25th of November, 1960, the Commission made its finding and award denying widow's and dependent's claim for death benefits. It further ordered that any party aggrieved by the award may apply for a rehearing of the same within twenty days after the service of this award as provided by the rules and regulations of the Commission.

In reply to the letter addressed to the Commission by petitioner's attorney, the Commission on November 30, 1960, sent the following letter to him:

"Re: Claim No. AU 36872

"Russell Roscoe Naylor (deceased)

"Dear Mr. Morgan:
"While your letter of November 9th asking for 'a meeting with your investigator and perhaps have some hearings' was in the works, the Commission had already gone over this matter and determined that it was in order, under the showing of the attending physician and death certificate, that there was no accidental injury arising out of or in the course of the employment. They had waited for approximately a month

and a half since you were appointed counsel and obtained no contrary information.

"Your letter does not amount to a verified statement and if you desire to have a hearing, it is recommended that you observe the rule (particularly Rule 37 and 38 [16 A.R.S.]) to protect any interest that your client may have on account of the claim.

> "Yours very truly,
> "Donald J. Morgan,
> "Chief Counsel."

On December 13, 1960 the petitioner filed a notice of protest of award with the Commission protesting the findings and award made by the Commission on November 25, 1960, and it was further stated in said notice of protest of award:

"I will within twenty days from this date comply with Rule 37 and Rule 38 of the Rules of Procedure before this Commission and render in triplicate this Commission's Form C–466; Petition and Application for Rehearing, setting forth in detail the reasons for my protest of this Commission's Findings and Award.

"If I fail to file in the foregoing manner said Petition and Application for Rehearing, it is understood that the Findings and Award, which I am herewith protesting, will become final upon the expiration of twenty days from this date, and that all my rights to a rehearing are waived. * * *."

Thereafter on the 4th day of January, 1961, the petitioner filed an application for rehearing, setting forth in detail her grounds for the same. The petition was filed more than twenty days after the filing of the notice of protest of award. Subsequently the Commission denied the application for rehearing on the ground that it was not timely filed thus depriving the Commission of jurisdiction to grant a rehearing.

This court has held that in the absence of a proper application for rehearing within twenty days, the Commission loses jurisdiction and has no further power or authority to make rulings in the case: Hamlin v. Industrial Commission, 77 Ariz. 100, 267 P.2d 736; Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217; Guy F. Atkinson Co. v. Kinsey, 61 Ariz. 127, 144 P.2d 547; and further, this court has said, once an award becomes final under its rules neither the Commission nor the Supreme Court has power to waive a rule or to permit any other jurisdictional act concerning the subject matter. Hale's Estate v. Industrial Commission, 78 Ariz. 202, 277 P. 2d 1014.

This court has also held that in the absence of a request for rehearing *timely* filed, the informal award becomes res judicata. Martin v. Industrial Commission, 88 Ariz. 14, 352 P.2d 352. Thus in Smith

v. Industrial Commission, 79 Ariz. 18, 281 P.2d 797, 798, where a petition was filed twenty-one days after protest, the court in denying the appeal stated: "This belated application, being a nullity, need not be further considered."

The records in this case show that the initial award denying compensation preserved the right of the petitioner for a rehearing, preserved the right to amend or rescind for good cause shown, and noticed the petitioner of the right to protest or apply for a rehearing under Rule 8. The petitioner, in her notice of protest, acknowledges that she was aware of the requirement to file a petition for rehearing within the period of twenty days if she desired such a rehearing, and that if she failed to file said petition all of her rights to rehearing were waived.

We conclude therefore that the petition for rehearing filed by the petitioner was not timely filed and that under the facts of this case the Commission had lost jurisdiction to grant petitioner's request for a rehearing. The order denying the petition and application for rehearing filed by the applicant on the 4th day of January, 1961, is affirmed and the writ of certiorari heretofore issued is quashed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.