399 P.2d 678

**Inez MARTINEZ, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona and Jackson & Perkins Company, Respondents.**

**No. 8049.**

Supreme Court of Arizona.

In Division.

March 10, 1965.

Donald J. Morgan, Phoenix, for petitioner.

Robert A. Slonaker, Phoenix, for Industrial Commission.

UDALL, Justice.

Certiorari to review findings and award for noncompensable claim made by the Industrial Commission of Arizona in the above-numbered cause on the 31st day of May 1963.

Hereinafter, Inez Martinez will be referred to as "petitioner". Jackson & Perkins Company will be referred to as "employer", and the Industrial Commission of Arizona will be referred to as "the Commission".

The record discloses that petitioner claims he sustained a personal injury on Thursday the 21st day of March 1963, while working for the employer as a carpenter. He claims the injury arose out of and in the course of his employment. Petitioner was working by himself at the time of the alleged accident and there were no eye-witnesses who saw what took place. Petitioner continued to work the remainder of the day on Thursday and returned to his employment on Friday and Saturday of that week. Although petitioner rode to and from work with the foreman of employer, he did not report the accident to the employer or to anyone else, and the foreman stated that when he parted with petitioner at the close of work on the 23rd petitioner seemed to be in good spirits and made no complaints.

Petitioner further claims that soon after midnight Sunday morning, March 24th, he sneezed and a severe pain hit his chest and back. Immediately thereafter, he called Dr. J. W. Shackelford and went to his office for examination and treatment. The X-ray diagnosis, according to the Doctor's report, shows contusions of the lower left rib cage, and the Doctor prescribed sedation for the patient and referred him to Dr. Stanford F. Hartman of Phoenix, Arizona, for examination, diagnosis and treatment.

Thereafter, on March 29th, after X-rays had been taken, Dr. Hartman made the finding that petitioner had contusions of the lower rib cage and fitted the patient with a special belt. On April 23, 1963 petitioner filed his workman's supplemental claim for compensation with the Commission, and on April 24, 1963 he filed his report of injury. Later, to wit, on May 22d, 1963, the Doctor recommended hospitalization for the petitioner. On the 31st day of May 1963 the Commission made a finding and award for noncompensable claim, in which it was provided:

"IT IS ORDERED that said applicant take nothing from the defendants, or either of them, by reason of his alleged personal injury.

"IT IS FURTHER ORDERED that any party aggrieved by this award may apply for a rehearing on the same by filing a written application therefor at the office of this Commission within twenty days after the service of this award, as provided by the rules and regulations of this Commission, and

that jurisdiction be, and it is hereby reserved, to alter, amend or rescind this award upon good cause."

The record shows that petitioner was served with a copy of the award at El Mirage, Arizona on May 31st, 1963. Thereafter, on the 6th day of June 1963, petitioner filed a notice of protest of award with the Commission. The Notice of Protest of Award acknowledged receipt of the findings and award issued by the Commission, and among other things the Protest stated:

"I will, within twenty days from this date [June 6, 1963] comply with Rule 37 and Rule 38 of the Rules of Procedure before this Commission and render in triplicate this Commission's Form C–466: Petition for Application for Rehearing, setting forth in detail the reason for my protest of this Commission's finding and award.

"If I fail to file in the foregoing manner said Petition and Application for Rehearing, it is understood that the Findings and Award, which I am herewith protesting, will become final on the expiration of twenty days from this date, and that all my rights to a rehearing are waived."

(Signed by the Petitioner at Phoenix, Arizona and dated the 6th day of June, 1963.)

An application for rehearing was prepared by the petitioner and filed with the Commission on the 12th day of July 1963.

On the 29th day of July 1963, the Commission made its finding as follows:

"1. That following the findings and Award for Non-Compensable Claim issued on May 31, 1963, a Notice of Protest of Award was filed by said applicant.

"2. That the Petition and Application for Rehearing was not filed within 20 days from date of filing of protest as set forth in the Rules of Procedure Before The Industrial Commission of Arizona.

"3. That this Commission is therefore without jurisdiction in the premises, and no useful purpose would be served by further consideration of the case."

The petitioner first contends that the Commission's Finding and Award for Non-Compensable Claim, dated May 31, 1963, was void, since the basic rules of the Commission were not followed. This contention is without merit. Rules 28 and 30 of the Rules of Procedure before the Commission read in pertinent part as follows:

Rule 28: "The Commission will in every case strive by simple, speedy and inexpensive methods to determine the rights of the parties. * * *"

Rule 30: "A formal hearing will be held only in case there be a question as to the facts, and when circumstances are such that a hearing affords the most convenient and satisfactory means of determining the facts. Provided,

however, that any party aggrieved by an award shall be granted a formal hearing at which he shall be afforded an opportunity to present further material evidence and cross-examine any person who has given any evidence in the matter."

Martin v. Industrial Commission, 88 Ariz. 14, 352 P.2d 352 (1960), is a case in which a similar fact situation prevailed, and the principles of law applicable thereto are very persuasive in the present case. There we said:

"Most claims for compensation are handled by the commission as this one was; that is, there are no formal appearances, no pleadings, no attorneys, and no formal trial. The award is made on the application of the workman and reports of the attending physician and employer, and perhaps supplemented by independent inquiry on the part of the commission. If this award were final, there would be strong reasons for a more thorough investigation of the claim and a more formal hearing at which all parties could be present. But it is not final. The statute provides that any party affected by the award, * * * may apply for a rehearing. * * * And in all cases where a rehearing is had the proceeding takes the form of a trial at which interested parties are or may be present in person or by attorney. Thus

parties who are dissatisfied with the award may have an opportunity to go into the facts fully and completely upon the rehearing. * * *"

See also Hogle v. Arizona Concrete Co., 44 Ariz. 1, 33 P.2d 589 (1934).

In the case of Naylor v. Industrial Commission, 89 Ariz. 394, 363 P.2d 579 (1961), we said:

"The records in this case show that the initial award denying compensation preserved the right of the petitioner for a rehearing, preserved the right to amend or rescind for good cause shown, and noticed the petitioner of the right to protest or apply for a rehearing under Rule 8. The petitioner, in her notice of protest, acknowledges that she was aware of the requirement to file a petition for rehearing within the period of twenty days if she desired such a rehearing, and that if she failed to file said petition all of her rights to rehearing were waived."

In the instant case the Commission's finding and award dated May 31st, 1963, specifically preserved the rights of petitioner for a rehearing, to amend or rescind for good cause shown, and noticed petitioner of his right to protest or apply for rehearing as provided by the Rules of the Commission. Petitioner failed to file an application for rehearing until July 12, 1963, thirty-six days. after such letter of protest was filed with.

the Commission. Therefore all of the rights of the petitioner to have a complete hearing was afforded to him.

It is next contended by petitioner that the award made and entered by the Commission on the 31st day of May 1963 did not become res judicata when the application for rehearing was not filed within the time prescribed by the rules of the Industrial Commission.

In the case of Smith v. Industrial Commission, 79 Ariz. 18, 281 P.2d 797 (1955), the petitioner filed an application for rehearing twenty-one days after the notice of protest was filed. Subsequently the Commission entered an order denying the rehearing and affirmed the previous award. Petitioner then applied for a writ of certiorari and the Commission filed a motion to quash the return and dismiss the petition for lack of jurisdiction on the ground the award had become res judicata. This Court, in ordering that the writ of certiorari be quashed, had this to say, page 19, 281 P.2d page 798:

"We have previously had occasion to hold that an injured workman must file a petition for rehearing in accordance with the provisions of Rule 37, supra, and that an award becomes *res judicata* and binding upon both the workman and the Commission if such an application is not filed within the time prescribed. * * * From these de-cisions it is apparent that petitioner by his failure to file an application for rehearing within twenty days from the date protest was filed, allowed the award to become final, and the respondent Commission therefore properly denied his application on the ground it had 'no jurisdiction in the premises'. *This belated application, being a nullity, need not be further considered."* (Emphasis supplied)

At page 21, 281 P.2d at page 799, the Court in the opinion concluded by saying:

*"To decide the problem here before us we need not re-examine that matter and test the conclusion reached,* for assuming but not deciding the correctness thereof, the petition for certiorari in the instant case was filed after more than thirty days had elapsed from any date that might be urged as a measuring point under such a rule.

"Accordingly, we hold that the petition was not timely filed and we are without jurisdiction to review the award." * * * (Emphasis supplied)

See also Transcontinental Bus System v. Industrial Commission, 71 Ariz. 209, 225 P. 2d 701 (1950); and Guy F. Atkinson Co. v. Kinsey, 61 Ariz. 127, 144 P.2d 547 (1944).

It is clear that neither the Commission nor the Supreme Court have further jurisdiction over the award of May 31, 1963, since the petitioner failed to timely

file an application for a rehearing of the matter. Therefore, we concur in the order of the Commission entered on the 29th day of July 1963, wherein it is stated that the Commission is without jurisdiction in the premises.

In view of the Court's holding that the Commission had been deprived of further jurisdiction to make rulings in the case, it becomes unnecessary to rule on the other claims of error made by petitioner in this matter.

It is ordered that the writ of certiorari be quashed and that the petition be dismissed.

BERNSTEIN and McFARLAND, JJ., concur.