403 P.2d 812

**Jose B. DAVILA, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, and San Manuel Copper Corporation, Respondents.**

**No. 8155.**

Supreme Court of Arizona.

In Division.

June 30, 1965.

Hirsch, Van Slyke, Richter & Ollason, Tucson, for petitioner.

Twitty, Sievwright & Mills, Phoenix, for respondents.

UDALL, Justice.

The petitioner, Jose B. Davila, herein referred to as employee, is before this Court on a writ of certiorari to review an award of the Industrial Commission granted as a result of injuries received while in the employ of San Manuel Copper Corporation, herein referred to as employer.

This case involves two separate and distinct claim files of the Industrial Commission. The first case involves injury to employee's right arm which occurred on May 15, 1960. The second case involves an injury to employee's fingers on his left hand which occurred on August 3, 1961.

On the date of the first injury the employee was taken to San Manuel Hospital for treatment. The medical report reveals there was swelling in employee's right wrist and stiffness of a finger on his right hand. Employee resumed light work the following day.

Dr. Findlay, chief surgeon at the hospital, referred the case to Dr. Fonseca for evaluation. Dr. Fonseca found there were no neurological problems but found some indication of hysteria. On July 12, 1960, Dr. Neumann examined employee and concluded that he had no neurological deficit but advised further exercises to strengthen employee's right hand. On August 30, 1960 employee was examined by Dr. Hastings and Dr. Findlay. They were of the opinion there was no evidence of any residual disability from the injury and that employee represented a combination of actual malingering and hysteria. They found that employee could return to regular work.

Employee filed his claim with the Commission on September 22, 1960. Dr. Findlay discharged employee from further medical treatment on November 3, 1960, without disability, and on November 15, 1960 the Commission entered its Findings and Award, closing the claim and specifically finding there was no permanent disability.

Employee timely filed his protest on December 5, 1960 with the allegation that within twenty days from that date he would make application for a rehearing. The petition for rehearing was filed on December 28, 1960, more than twenty days after the filing of the notice of protest.

The Commission treated the late petition for rehearing as a petition for reopening, and by an interim order authorized a medical examination of employee without reopening the case. Employee was examined on April 10, 1961, by Drs. Hastings, Wells, Neumann, Findlay and Fonseca, who concluded he had no organic physical counterpart to the alleged symptomology and that, while there appeared to be a hysterical conversion phenomena, it was not directly related to his injury; that employee presented no physical evidence of disability traceable to the injury and that patient's condition is considered stationary.

The Commission denied reopening on June 13, 1961, finding that employee had no new, additional or previously undiscovered disability. Employee on July 5, 1961 filed notice of protest and on July 21, 1961, filed a petition for rehearing. The Commission denied rehearing on August 2, 1961 by formal order which became final without further appeal.

On August 3, 1961, employee injured the fingers on his left hand. He was treated by Dr. Findlay and filed his claim with the Commission on August 14, 1961. He was released for light work on September 6, 1961 and was released for regular work on October 9, 1961, but remained under the care of Dr. Findlay until he was examined by Drs. Findlay and Hastings on February 14, 1962. At the conclusion of the examination the doctors expressed the opinion that employee was a malingerer and was taking every means possible to impress the doctors that he had some disability. They found no disability and found that he needed no further treatment.

On March 5, 1962, the Commission entered a Findings and Award for temporary disability, awarding $503.04 to employee. This award became final without protest.

On June 22, 1962, employee filed a petition to reopen for new and additional disability to fingers on his left hand. On June 25, 1962, employee filed a petition to reopen for new and additional disability of his right arm. The Commission then ordered a consultation and examination on an investigative basis and this was done on

August 29, 1962 by Drs. Tuveson, Hoffman, Duisberg, Findlay and Edwards. Written reports by the consultants indicate they were of the opinion that the employee's multiple complaints were not related to the injuries of either May 15, 1960, or August 3, 1961, and were of the opinion there was no indication for further treatments or examination in connection with either of the injuries and no basis for reopening the cases for treatment. They were also of the opinion that from the standpoint of objective residuals, the employee was capable of returning to his usual type of work.

Following this examination, the Commission on September 21, 1962, entered its Findings and Award denying reopening of both claims. Subsequently, the employee filed a petition and application for rehearing and a formal hearing was held before the Commission on January 21, 1963, and continued to February 7, 1963. On June 20, 1963 the Commission affirmed the Findings and Award denying reopening of both claims dated September 21, 1962. Protest to the June 20, 1962 order was filed on July 11, 1963 and a petition for rehearing filed on July 25, 1963. An order denying rehearing and affirming the decision of June 20, 1962 was rendered on October 17, 1963 and certiorari to this Court followed.

■ The employee contends that the Commission erred by closing his case involving the arm injury on November 15, 1960, and refusing to award him further compensation, contrary to the evidence. He contends that while he was able to resume work there was a neurosis causally connected with the physical injury received by the employee which entitled him to recover compensation for his claimed injury.

We are foreclosed from considering the merits of this matter since the employee did not file a timely petition for rehearing concerning the November 15, 1960 award. The award became *res judicata* and neither the Commission nor this Court have further jurisdiction over the award of November 15, 1960. Martinez v. Industrial Commission, 97 Ariz. 275, 399 P.2d 678 (1965); Naylor v. Industrial Commission, 89 Ariz. 394, 363 P.2d 579 (1961); Black v. Industrial Commission, 89 Ariz. 273, 361 P.2d 402 (1961); Green v. Industrial Commission, 78 Ariz. 347, 280 P.2d 268 (1955).

■ The only issue before this Court is whether the Commission erred in failing to reopen employee's case as a result of employee's petitions to reopen of June 22, 1962 and June 25, 1962 and the subsequent proceedings pursuant to these petitions. See London v. Industrial Commission, 71 Ariz. 111, 223 P.2d 929 (1950). Before employee is entitled to have his case reopened and relief granted, and before the Commission has authority under the law to grant the relief sought, the burden is upon employee to establish that he had suffered new, additional and previously undiscovered disability arising out of the prior in-

juries concerned with his two claims. London v. Industrial Commission, supra.

In the case at bar, the Commission, acting upon a considerable volume of medical testimony found that there was no new, additional or previously undiscovered disability which would support reopening employee's case. Employee offered no medical evidence which supports his contention that he does have new, additional or previously undiscovered disability. It should be noted here that this case does not involve an award under A.R.S. § 23–1044 (1956) subsecs. C and D which would bring it under the recent case of Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964). Therefore, the right to reopen his case is limited to new, additional or previously undiscovered disability as expressed by this Court in Harambasic v. Barrett & Hilp & Macco Corp., 58 Ariz. 319, 119 P.2d 932 (1941), wherein it was stated that on reopening of a case, the Commission is limited to new and additional disability, which was unknown and was not considered at the time of the original award. Employee has in no way shown that any of the items he raises concerning the medical evidence were not before and considered by the Commission.

The award of the Industrial Commission is therefore affirmed.

LOCKWOOD, C. J., and McFARLAND, J., concurring.