[Civil No. 3395. Filed October 23, 1933.]

[25 Pac. (2d) 1028.]

TOMAS CORTEZ, Father, and HORTENSIA COR-TEZ, Mother, Dependents of ALFREDO COR-TEZ, Deceased, Petitioners, v. ARIZONA WOOL GROWERS' ASSOCIATION, Defendant-Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant-Insurance Carrier, Respondents.

Mr. Frank Dykes, for Petitioners.

Mr. Don C. Babbitt, Mr. Emil Wachtel (on the Brief), and Mr. D. L. Cunningham (of Counsel), for Respondent Industrial Commission.

ROSS, C. J.—The Industrial Commission on May 31, 1933, awarded the petitioners Tomas Cortez and Hortensia Cortez death benefits as dependents of their minor son Alfredo Cortez, who on February 23, 1933, while working for the Arizona Wool Growers' Association as a sheep-herder, was accidentally killed. Being dissatisfied with the award they moved the Industrial Commission for and were granted a rehearing at which, on July 5, 1933, the award was confirmed.

On their application for a writ of *certiorari* to review the lawfulness of the award, the record, proceedings and evidence before the commission, properly certified, are before us for review.

The findings material to the question to be decided were that the petitioners were "partially dependent" upon their son Alfredo; that they are citizens of the United States and entitled to compensation on account of his death; that his average monthly wage was $22.10. The award ran against the insurance carrier (state compensation fund) and was that it pay "the . . . sum of $4.42 monthly . . . to be reduced to the monthly sum of $2.76 when either of the said applicants have died, and to cease entirely when both . . . have died; but not in any case to exceed one hundred (100) months."

This award was made under part A, subdivision 7, section 70, of the Workmen's Compensation Act,

chapter 83, Laws of 1925, but which is now found in the second paragraph of part A, subdivision 5, section 1438, article 5, chapter 24, of the Revised Code of 1928.

Under the decisions of this court the award should have been made under part A, subdivision 6, of section 70 of the original act, now the first paragraph of part A, subdivision 5, section 1438, of the revision. *Federal Mutual Liability Ins. Co.* v. *Industrial Commission*, 31 Ariz. 224, 252 Pac. 512; Id., 32 Ariz. 293, 257 Pac. 982.

Under the findings the award should have been for 15 per cent. of the average monthly wage of the decedent, and for the natural life of the parents, to be divided equally between them; whereas it seems to have been made under the next succeeding subdivision or paragraph of said section. An inspection of the above decisions and the pertinent provisions of the statute makes it plain the award is wrong.

The award is annulled and vacated.

The petitioners asked the Industrial Commission to commute the award into a cash payment as provided in section 1443 of the Revised Code of 1928, and because the commission refused such request, and because it differed with the petitioners as to the statutory provision governing the award, they have in their briefs made some very unjust, derogatory, and uncalled-for remarks about the commission. Besides being in bad taste, such things do not help the court and might better be left unsaid.

LOCKWOOD and McALISTER, JJ., concur.