[Civil No. 3410.   Filed April 9, 1934.]

[31 Pac. (2d) 103.]

WALTER HAMER, Sr., and MARY S. HAMER, Petitioners, v. THE INDUSTRIAL COMMIS-SION OF ARIZONA and the SIX COM-PANIES, INC., Respondents.

Messrs. Laney & Laney, Mr. Terrence A. Carson and Mr. Peter Vogelaar, for Petitioners.

Messrs. Moore & Shimmel, for Respondent Six Companies, Inc.

ROSS, C. J.—The petitioners Walter Hamer, Sr., and Mary S. Hamer, father and mother of Walter Hamer, Jr., who while employed by the Six Companies, Inc., was accidentally killed, applied to the Industrial Commission for death benefits as dependents of the deceased. The commission on March 14, 1933, found that Walter, Jr., was killed in an accident arising out of and in the course of his employment; that his average monthly wage was $168; that he left surviving him and totally dependent upon him for support at the time of his injury the petitioners; and awarded the petitioners benefits of $42 a month during dependency.

The Six Companies applied to the commission for a rehearing upon the ground that the evidence, at most, shows petitioners were only partially dependent upon deceased for their support. As a result of this rehearing, the award was amended on July 6, 1933, limiting the benefits to sixty months, but otherwise the award was affirmed.

The petitioners applied for a rehearing on the ground that the award should not be limited to sixty months, but should continue during dependency, and for the further reason that the award was for only 25 per cent. of deceased's monthly wage, whereas it should have been 25 per cent. for one parent plus 15 per cent. for the other, or 40 per cent. for both parents. The commission refused to change the award; hence this action to review the award and proceedings before the commission.

The return of the commission, in addition to the record of the two awards and hearings thereon, contained an "Amended Findings and Award," dated September 18, 1933, which recites that the amended findings and award dated July 6, 1933,

"is not the Findings and Award then made, but is in error and does not speak the truth as to the determination, Findings and Award then made, and to the end that the said record speaks the truth as was found and decided, the following true Findings and Award, amending the Findings and Award of March 14, 1933, is now filed and shall be the Findings and Award as of the 6th day of July, 1933:

. . .

"5. That said employee left surviving him and partially dependent upon him for support at the time of said injury, the following persons, who were residents of the United States:

"Walter Hamer, Sr., 53 years, 3 mos. 13 days, Father

"Mary S. Hamer, 53 years Mother."

Accompanying the order of September 18th is the affidavit of C. Leo Guynn, assistant secretary of the Industrial Commission, stating that the words "totally dependent" found in the award of July 6th should be "partially dependent," and that the error occurred in his department and was stenographic.

The first question is whether the award of July 6th as amended and corrected on September 18th is properly before us and its effect. Petitioners contend that the Industrial Commission had no power to set aside the award of July 6th and enter a new award except upon the application of an interested party within twenty days after its entry. This contention is perhaps correct, as we understand it, but the order entered on September 18th shows upon its face that it is not an award, but a correction of the record to show the award actually made on July 6th. It recites that the award of July 6th was to the parents as partial dependents, whereas it was erroneously made to read total dependents. In truth it was merely entering now (September 18th) the award that was actually made (then) July 6th. We know of no reason why the commission should not have the power and right to make its records speak the truth. In *Zagar* v. *Industrial Commission*, 40 Ariz. 479, 14 Pac. (2d) 472, we held that the commission had continuing power "to alter, amend, or rescind its awards," and this certainly would carry the right to correct its records to make them conform to its actual findings and to speak the truth. The *nunc pro tunc* order of September 18th, being merely the correction of a record to make it speak the truth as it existed on July 6th, we think is properly before the court and should be considered in the determination of the award as to amount as also duration.

However it may be looked at, the award is not in accordance with the law. As before stated, it is for 25 per cent. of the average monthly wage of the

deceased. If both parents were totally dependent, the award should have been for 25 per cent. of such wage for one parent plus 15 per cent. for the other, or 40 per cent. for both. If the parents were only partially dependent, as shown by the corrected award of July 6th, they were entitled to 15 per cent. of the average monthly wage of the deceased. Part (A), § 1438, Rev. Code Ariz. 1928; *Cortez* v. *Arizona Wool Growers' Assn.*, 42 Ariz. 328, 25 Pac. (2d) 1028; *Federal Mutual Liability Ins. Co.* v. *Industrial Commission*, 32 Ariz. 293, 257 Pac. 982; Id., 31 Ariz. 224, 252 Pac. 512.

The award is set aside.

LOCKWOOD and McALISTER, JJ., concur.