[Civil No. 4823.   Filed September 24, 1945.]

[161 Pac. (2d) 921.]

G. I. MARTIN, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA, and GOODYEAR AIRCRAFT CORPORATION, ARIZONA DIVISION, Defendant Employer, Respondents.

Mr. D. V. Mulhern and Mr. B. H. Gibbs, for Petitioner.

Mr. H. S. McCluskey, and Mr. David P. Jones of Counsel, for Respondent Industrial Commission. Messrs. Moore, Romley & Roca, for Respondent Employer.

STANFORD, C. J.—Petitioner was injured by an accident while employed by the Goodyear Aircraft Corporation, Litchfield Park, Arizona, on December 23, 1943.

Petitioner filed his report with the Industrial Commission of Arizona, dated February 12, 1944, showing that his wage was $208. Employer's report dated December 2, 1944, showed that the wage was $323.94. Following that, on December 30, 1944, the Industrial Commission made a temporary finding that the wage was $323.94. On January 2, 1945, the commission made its amended findings and award as follows:

"1. That the above-named applicant, while employed in the State of Arizona, by the above-named defendant employer, who was insured against liability for compensation under said law by the above-named defendant insurance carrier, sustained an injury by accident arising out of and in the course of his said employment on December 23, 1943, which injury caused temporary disability entitling said applicant to compensation therefor in the total sum of $397.08, payable forthwith.

"2. That the average monthly wage of the applicant before said injury was $323.94.

"3. That said injury caused also a permanent partial disability which is scheduled under subsection b of Section 56–957, Arizona Code Annotated, 1939. Said permanent partial disability is equal to 75% loss of hearing in the left ear and entitles said applicant to compensation therefor in the sum of $161.97 monthly, for a period of 15 months.

"Award

"Award is hereby made payable to said applicant by the above-named defendant insurance carrier as follows:

"1. Accident Benefits.

"2. The sum of $397.08 payable forthwith.

"3. The additional sum of $161.97 monthly, for a period of 15 months, the first payment to be made on January 27, 1945."

On March 10, 1945, the defendant employer, Goodyear Aircraft Corporation, wrote a letter to the respondent Industrial Commission, which could be termed an application for rehearing, which letter reads, in part, as follows:

"Your records will indicate that in our Employer's First Report of Injury, dated Dec. 2, 1944, we reported this employee's thirty day earnings preceding the date of injury as $323.94. We have just ascertained that these earnings were reported for the incorrect period of Nov. 21, 1944 to Dec. 22, 1944. . . .

"Actually earnings for the correct period of Nov. 23 to Dec. 22, 1943 inclusive, aggregated $256.37. . . .

"We realize that the award has been issued. However, we trust that the embarrassing situation that has resulted through our own inadvertence can be corrected, . . . ."

On March 14, 1945, the commission denied the Goodyear Aircraft Corporation's request. Other letters and affidavits were sent to the commission supporting the request of the defendant employer, Goodyear Aircraft Corporation, and on April 17, 1945, the commission acceded to the request of the Goodyear Aircraft Corporation and granted what amounted to a rehearing and authorized a supplemental award. The said award was designated "Order Nunc Pro Tunc and Order for Supplemental Award." After the recitation of all of the facts in the case, is the following:

"It is ordered nunc pro tunc as of January 2, 1945, that paragraph 2 of the findings be corrected to read, 'That the average monthly wage of the applicant before said injury was $256.37.' . . . "

Following that the commission issued its order *nunc pro tunc* and supplemental award changing the wage from $323.94 to $256.37, and reduced the compensation.

This case is distinguished from the case of *Lauderdale* v. *Industrial Commission*, 60 Ariz. 443, 139 Pac. (2d) 449, 450 (rendered July 6, 1943), in that there all issues sought to be raised had been determined by the commission and affirmed by this court on a prior appeal. We quote:

"In 1941 the case of *Lauderdale* v. *Industrial Commission*, 57 Ariz. 520, 115 Pac. (2d) 249, was brought into this court by the petitioner herein because the

Commission denied him compensation for alleged injuries, and the award was affirmed by this Court, and it now comes to us on an order of the Industrial Commission of Arizona denying a new rehearing in the matter of the application of O. P. Lauderdale. The petition of the applicant was dated January 15, 1943, and was presented in order to offer additional evidence which at a previous hearing was not available, and which evidence would support a claim for compensation benefits.

.    .    .    .    .    .    .    .    .    .

"The question in contention and to be determined is: Has the Industrial Commission of Arizona any further power over its award denying compensation after the award has been affirmed by this Court on appeal?

.    .    .    .    .    .    .    .    .    .

"The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. . . . "

It is obvious that the Lauderdale case is wholly unlike the instant case.

The case of *Guy F. Atkinson Co.* v. *Kinsey,* 61 Ariz. 127, 144 Pac. (2d) 547, is distinguished from the instant case by the following quotation from that case:

" . . . On March 16, 1943, more than five months after the award denying him compensation, he filed a petition for a rehearing on both his cases. Subsequent to the filing of this petition for rehearing the commission entered an order excusing the failure of applicant to file his petition within the twenty days, as required by its rule, and as recited in the order, and set the matter for hearing and over the protest of the company the commission rendered its decision on rehearing and ordered compensation."

This award of the commission was set aside and in so doing this court said:

"Respondents urge that since the commission made Rule 33 that it had the right to waive it. We recognize that the commission may in the interest of justice and under proper circumstances waive strict compliance with its own rules, but this presupposes jurisdiction to act in the matter. The commission does not have continuing jurisdiction for an indefinite length of time for all purposes. When a matter is decided and the judgment becomes final, the jurisdiction is exhausted and the court has no more power to waive a rule than it has to commit any other judicial act concerning the subject matter.

"A court cannot re-create an exhausted jurisdiction by waiving a rule that has already operated to close the book of judicial inquiry. There must at some time be an end to litigation. . . . "

The case at bar is wholly a matter of a plain mistake in bookkeeping and the commission should have the right to correct such a mistake.

From the case of *Zagar* v. *Industrial Commission,* 40 Ariz. 479, 14 Pac. (2d) 472, 475, we quote:

"The Workmen's Compensation Law does not specifically confer on the commission a continuing power over its awards, as is the case in compensation laws generally, but we think such power is impliedly conferred by Section 1453 (56–973, Code of 1939), wherein it is stated that the commission shall not be bound in its investigations by formal rules of procedure other than in the act provided, but shall proceed in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out the spirit of the act. . . . "

See also *Red Rover Copper Co.* v. *Industrial Commission,* 58 Ariz. 203, 118 Pac. (2d) 1102, 137 A. L. R. 740; *Kennecott Copper Corporation* v. *Industrial Commission* (Ariz.), 158 Pac. (2d) 887.

While this court now affirms the award, or action, of April 17, 1945 of the commission, it being our opinion that the commission has a right to correct a mistake, but not by an order *nunc pro tunc* as in the

case of *Hamer et al.* v. *Industrial Commission,* 43 Ariz. 349, 31 Pac. (2d) 103, for in that case the commission made its order *nunc pro tunc* to correct a stenographic error made in the office of the Industrial Commission, we treat this award as an amendment to correct a mutual mistake of fact.

The award is affirmed.

LaPRADE and MORGAN, JJ., concur.