415 P.2d 126

**Oiva E. SALMI, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Anning-Johnson Company, Respondents.**

**No. I CA–IC 52.**

Court of Appeals of Arizona.

June 8, 1966.

Rehearing Denied July 5, 1966.

Review Denied Sept. 27, 1966.

Donald J. Morgan, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Joyce Volts, Phoenix, for respondent The Industrial Commission.

STEVENS, Chief Judge.

This matter presents the dual question of the sufficiency of the evidence to support an Award which is not favorable to the petitioner, and the claim that the referee who conducted the formal hearing departed from his duty of impartiality.

When the services of referees were first utilized in conducting hearings, the referees were members of the legal staff of the Industrial Commission and generally there was no separate person who appeared as the attorney for the fund. Under these circumstances it was at times difficult for a referee to put aside his natural feeling of obligation to the fund. The next step was the appointment of persons to serve as referees who were not members of the legal staff, but frequently hearings were conducted without the presence of a member of the legal staff representing the fund. Fortunately, further progress has been made and the functions of the referee and the functions of the legal staff are now more definitely defined. It is now customary for a member of the legal staff to appear for the fund, leaving the referee free of any obligation save his duty to conduct the hearing on an impartial basis. We have cautioned that we require the referees to assume a cloak of impartiality, and to conduct themselves in such a manner as to insure a fair and impartial hearing.

Workmen's Compensation Laws should be liberally administered in the interest of protecting the injured workman. Bierman v. Industrial Commission, 2 Ariz. App. 548, 410 P.2d 666 (1966); Ocean Accident And Guarantee Corporation, Limited v. Industrial Commission, 32 Ariz. 265, 257 P. 641 (1927). This statement is not in derogation of the rights and privileges of the employer and his insurer, whether that insurer be a private carrier or the State Fund. With the advent of the Workmen's Compensation Act the employee lost his right to litigate his claim in a court of law, except under special circumstances, and he received in exchange certain other rights, such as the right to receive medical benefits and to receive compensation to be determined by statutory formulae. There are variable factors in computing these formulae and determining the applicability thereof, these generally being questions of fact. In support of our statement that the employee has certain rights as distinguished from privileges, we find that A.R.S. Section 23–1021, subsec. A. states in part:

"Every employee coming within the provisions of this chapter who is injured * * * shall be entitled to receive and shall be paid * * *".

There are like expressions in other sections of the Act with certain limited exceptions. It is established by A.R.S. Section 23–1022 that the Workmen's Compensation Act is the exclusive remedy for injured workmen's recovery as against his employer.

All parties to a proceeding before the Industrial Commission have the benefits of relaxed rules of evidence as more particularly appears in A.R.S. Section 23–942 and Rule 25 of the Rules of Procedure Before the Industrial Commission. Rules 63 and 64 relate to the payment of expenses connected with an industrial injury even those, under some circumstances, which have been paid by the injured employee. While Rule 60 appears to place limitations upon an employee leaving the State, this is not absolute and it is not every departure of an injured employee from the State which suspends his rights during such absence.

By far the greatest percentage of the numerous industrial claims which are annually presented to the Industrial

Commission are resolved based upon the Industrial Commission's informal investigation and without a formal hearing. In almost every instance, the first Award is entered without a formal hearing. When this is the situation if either party is not satisfied, that party may petition as a matter of right for a formal hearing and in this connection, Rule 30 states:

"* * * that any party aggrieved by an award shall be granted a formal hearing at which he shall be afforded an opportunity to present further material evidence and cross-examine any person who has given any evidence in the matter."

The formal hearing is a matter of right and the party requesting it need not state reasons for the request although the forms furnished by the Industrial Commission appear to require a statement of the reasons. The Commission may not make an Award based upon evidence received without a hearing and without the right of cross examination, unless these rights have been waived. They may be waived by their failure to assert them. We commented with reference to forms in the case of Quirk v. The Industrial Commission, 3 Ariz.App. 84, 412 P.2d 81 (1966).

The petitioner sustained an industrial injury on Friday the 20th day of March 1964. Between the time of the incident and the time he saw his family doctor on the 25th of March, he worked a total of 22 hours. There were periodic reports from his personal physician and on the 15th day of June this doctor requested a consultation. On the 22nd of June the petitioner requested leave to go to Wisconsin during the period of his wife's vacation, to see his father who had recently undergone a surgical amputation. The file does not reflect formal authority to make the trip, although it was approved by the personal physician of the claimant. The file does reflect that the trip was delayed pending the consultation which was held on 30 June. The consultation report was received by the Industrial Commission on 8 July. On 30 July, the Industrial Commission entered its first

formal Findings and Award for temporary disability with a Finding of no physical disability resulting from the accident. On the 3rd of August, using an Industrial Commission form, the petitioner presented his "Petition for Hearing" stating that his back and shoulder were still giving him pain; that he was unable to work, and that he needed medical treatment. This was supported by the statement of his personal physician which was received by the Commission on 12 August. Notwithstanding the petitioner's right to a formal hearing, the referee wrote a memorandum to the Commission, also dated 12 August, relying upon the recommendation of the Medical Consultation Board, and stated:

"* * * it appears that nothing new has been offered by the applicant which has not previously been considered by the Commission and accordingly IT IS RECOMMENDED that the Petition be denied, without hearing, with a 20 day clause."

This was given informal approval by two members of the Commission on 13 August and formal approval on 24 August. Within the time allowed by law, the petitioner filed a "Petition and Application for Rehearing" supported by a letter from his own doctor, advising that he would supply additional medical evidence. On 1 October there was an additional medical consultation. The petitioner's personal physician did not attend the first medical consultation but did attend the second medical consultation. The first formal hearing was held on 15 March.

The transcript of the formal hearing reflects that the referee had an intimate and detailed grasp of the entire file. This is highly commendable, so long as the referee can remain completely impartial in connection with this study. The referee asked a number of questions, and this also is commendable in a non-jury situation where the questions are asked for the purpose of clarifying certain facts, rather than being asked in the nature of cross examination in an effort to sustain prior

conclusions of the referee which may have been based upon some document already on file. It is our opinion that some of the rulings with reference to the exclusion of the petitioner's tendered evidence were unnecessarily technical even in relation to the trial of a case in a court of law. We recognize that it is difficult for an appellate court to accurately sense the full import of a hearing by the reading of a Reporter's Transcript, yet we must evaluate the climate of this hearing. It is our opinion that the evidence presented is such that there could well have been a Finding in favor of the petitioner. This fact alone is not sufficient for us to set aside the Award and invade the fact finding responsibilities of the Industrial Commission. It further appears to us, however, that the referee was not completely objective in relation to the rights of the petitioner. We have considered the manner of the conduct of hearings in Lewis v. Industrial Commission, 2 Ariz.App. 522, 410 P.2d 144 (1966) and Womack v. Industrial Commission, 3 Ariz. App. 74, 412 P.2d 71 (1966). The Court notes that these cases were decided after the hearing under consideration was held. In *Womack*, we quoted from *Lewis* as follows:

"\* \* \* We will further state that in reviewing the files of the Industrial Commission and the records of hearings conducted by the referees, that we do not look with favor upon hearings in which the referee, abandoning the cloak of impartiality, joins the attorney for the Commission as a second adversary against the petitioner and his counsel. Such action and conduct reflects upon the fair and impartial hearing which should be afforded to every petitioner for workmen's compensation, and could possibly be a ground for setting aside a finding and award of the Commission."

It is our opinion that petitioner is entitled to a new hearing.

The Award is set aside.

CAMERON and DONOFRIO, JJ., concurring.