434 P.2d 659

### INTERNATIONAL METAL PRODUCTS DIVISION OF McGRAW EDISON COMPANY, Petitioner,

v.

### The INDUSTRIAL COMMISSION of Arizona, and Rogers Kelly, Respondents.

No. I CA–IC 129.

Court of Appeals of Arizona.

Division 1.

Dec. 11, 1967.

Rehearing Denied Jan. 17, 1968.

———◆———

Jennings, Strouss, Salmon & Trask, by William R. Jones, Jr., Phoenix, for petitioner.

Robert K. Park, Chief Counsel, for respondent Industrial Commission of Arizona.

Donald J. Morgan, Phoenix, for respondent Rogers Kelly.

CAMERON, Chief Judge.

This case is before the Court on a writ of certiorari issued on the petition of the employer, International Metal Products Division of McGraw Edison Company, to review the lawfulness of an award and findings of the Industrial Commission of 20 December 1966 affirming a previous award and findings.

The respondent, Rogers Kelly, suffered an accidental injury while in the employ of the petitioner on 8 May 1962. On 7 June 1962, the Commission entered an award allowing the respondent compensation based on an average monthly wage of $117.30. Subsequently a light work order was issued on 2 April 1962 directing the respondent to seek light work. On 4 September 1963 another award was entered which

again found the average monthly wage of the respondent prior to his injury to be $117.30. Awards containing the finding that the average monthly wage was $117.30 were also issued on 18 February 1964, 9 March 1965, and 14 April 1966. The respondent filed applications for rehearing on each of these last three awards. The Commission on 24 October 1966 entered an award and finding which found that the method employed in determining the respondent's average monthly wage at the time of his injury was improper and also found that that determination did not become final and res judicata due to this error. This award found that the correct average monthly wage was $227.82. After a timely petition and application for rehearing and order of the Commission denying rehearing, the employer petitioned this Court for writ of certiorari to review the matter.

The issue presented to the Court by the petition for writ of certiorari is limited in scope. The sole question is whether the Commission retained jurisdiction to correct an error which had been carried forward from the inception of the claim in a series of awards which had otherwise been allowed to become final without protest on the part of the respondent.

The award of 24 October 1966 makes the following findings among others:

"1. Applicant having worked for the employer for less than thirty days, the method employed in determining his average monthly wage at the time of injury was improper.

"2. The finding and determination of applicant's average monthly wage at the time of injury never became final or res judicata.

"3. As delineated in § 23–141(B), A.R.S. (sic) and as directed by the Supreme Court of Arizona precedent, the proper method of determining applicant's average monthly wage at the time of injury required the use of wages earned by other employees in the same class working in the same employment in the same local-

ity, and by the employment of these basic standards, it is found that the sum of $227.82 reasonably represents the monthly earning capacity of the applicant in the instant claim."

 This finding has sound basis in Arizona law. Our Supreme Court has discussed an analogous situation in which the Commission had by error set the average monthly wage of the employee at too high a figure. In that case the court stated in affirming an award of the Commission:

"While this court now affirms the award, or action, of April 17, 1945 of the commission, it being our opinion that the commission has a right to correct a mistake, but not by an order nunc pro tunc as in the case of Hamer et al. v. Industrial Commission, 43 Ariz. 349, 31 P.2d 103, for in that case the commision made its order nunc pro tunc to correct a stenographic error made in the office of the Industrial Commission, we treat this award as an amendment to correct a mutual mistake of fact." Martin v. Industrial Commission, 63 Ariz. 273, 277, 278, 161 P.2d 921, 923 (1945).

The rationale of this case was recently reaffirmed by our Supreme Court wherein it stated by way of footnote:

"In addition to its continuing jurisdiction set forth in Stewart v. Industrial Comm. and Adkins v. Industrial Comm., supra, we have recognized that the Commission has jurisdiction to correct a stenographic error, Hamer v. Industrial Commission, 43 Ariz. 349, 31 P.2d 103, and to correct a mutual mistake of fact, Martin v. Industrial Comm., 63 Ariz. 273, 161 P.2d 921." Herman v. Industrial Commission, 100 Ariz. 312, 316, 414 P.2d 134, 137 (1966).

It being apparent that the primary determination of the respondent's average monthly wage was based upon mutual mistake, the findings and award of 20 December 1966, affirming the findings and award of 24 October 1966, which authorized the correction of the amount of average monthly wage is in accordance with the standard set forth

in § 23–1041, subsec. B, A.R.S., and reasonably supported by the evidence

Award affirmed.

DONOFRIO and STEVENS, Judges.