437 P.2d 995

King J. WHITE, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, John Ahearn, C. Lawrence Huerta and Frank G. Murphy, as members of and constituting the Industrial Commission of Arizona, and E. L. Farmer Construction Company, Inc., Respondents.

No. 1 CA–IC 164.

Court of Appeals of Arizona.

March 8, 1968.

---

McGillicuddy, Johnson, Rich & Robbins, by Chris T. Johnson, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Robert D. Steckner, Phoenix, for respondent, The Industrial Commission of Arizona.

STEVENS, Judge.

The petitioner was injured on 17 September 1965. His claim with The Industrial Commission was seasonably filed. His injuries were treated and he appeared before several medical consultation boards. On 20 September 1966 an Award was entered fixing his average monthly wage and determining that he had sustained a scheduled disability. Up to this point no formal hearing had been held and the petitioner was not represented by counsel.

The Award was served and more than twenty days expired without an application for a formal hearing. An injured workman has the right to at least one formal hearing if a timely request is filed. Salmi v. Industrial Commission, 3 Ariz.App. 411, 415 P.2d 126 (1966) and Vidal v. Industrial Commission, 3 Ariz.App. 529, 416 P.2d 208 (1966). There must be at least one formal hearing conducted by the Industrial Commission before the action of The Industrial Commission is reviewable by the Court. Flannery v. Industrial Commission,

3 Ariz.App. 122, 412 P.2d 297 (1966). The failure of the petitioner to apply for a formal hearing within the twenty day period next following the Award of 20 September 1966 rendered the Award res judicata. Martinez v. Industrial Commission, 97 Ariz. 275, 399 P.2d 678 (1965).

The petitioner secured the services of his present attorney after the expiration of the twenty day period. It was then necessary to attempt to go forward on a different procedural approach. A "Petition and Application for Readjustment or Reopening of Claim" was filed wherein it was urged that there was "new additional or previously undiscovered disability" and that "(i)t now appears that the claimant's shoulder is involved and this should be an unscheduled injury". A hearing was held. The evidence did not sustain the assertion that there was new additional or previously undiscovered disability. At most it sustained a misinterpretation of the prior evidence, that is, an interpretation that the prior evidence sustained a scheduled injury as distinguished from an unscheduled injury.

The Award is Affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.