462 P.2d 402

**Juana G. JACOBSEN, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Washington School District No. 6, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 219.**

Court of Appeals of Arizona, Division 1.

Department A.

Dec. 18, 1969.

Gorey & Ely, by Joseph M. Bettini, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Courtney L. Varner, Phoenix, for· State Compensation Fund.

STEVENS, Judge.

The issue to be determined is whether an erroneous determination of the petitioner's average monthly wage had become res judicata.

The petitioner, at the time of her injury on 4 February 1966, was a teacher with a 9-month contract which called for a gross salary of $7,302.00 for the school year. This sum, divided by 12, results in the figure of $608.50. The same sum divided by 9 results in the figure of $811.33. The Arizona Supreme Court in Powell v. Industrial Commission, 104 Ariz. 257, 451 P.2d 37 (1969), decided the proper method for determining the average monthly wage under similar circumstances, stating:

"We, therefore, hold that the average monthly wage under petitioner's employment was covered by the contract under which she was employed and that her average monthly wage should be fixed by dividing the amount of the contract by the period of employment, which was approximately nine months. "The decision of the Court of Appeals, holding that the average monthly wage should be fixed on the basis of the contract, is

affirmed and the award of the Industrial Commission is set aside."

Since the Industrial Commission determined that the petitioner's average monthly wage in the claim now before this Court was the sum of $608.50, it would appear that the award should be set aside.

However, awards fixed her average monthly wage at $608.50. On 23 March 1967 the Industrial Commission entered its "Findings and Award for Continuing Benefits and Establishing Average Monthly Wage." One of the findings is as follows:

"C. That applicant's average monthly wage at the time of injury was $608.50, and all compensation payable to applicant shall be computed upon the basis of said wage."

One paragraph of the award is as follows:

"5. Compensation to which applicant may be entitled shall be computed and payable to the applicant upon the basis of an average monthly wage of $608.50; and unless written application for rehearing is timely filed with this Commission, the wage basis herein fixed for the payment of compensation shall not hereafter be subject to adjustment by any party to this award."

This award was properly served upon the petitioner. It contained a 20-day clause. No action was taken by the petitioner in relation to the award.

 On 18 October 1967, the Industrial Commission entered its "Findings and Award for Scheduled Permanent Disability," and computed the amount of the award based on the $608.50 monthly wage figure. The petitioner made a timely request for hearing, no formal hearing having been held up to that date. The request was denied by action taken on 20 November 1967. It was her right to have a formal hearing. Martin v. Industrial Commission, 88 Ariz. 14, 352 P.2d 352 (1960); Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969); Salmi v. Industrial Commission, 3 Ariz.App. 411, 415 P.2d 126 (1966), review denied; and White v. Industrial Commission, 7 Ariz.App. 243, 437 P.2d 995 (1968). This error was cured when the Industrial Commission granted her subsequent request and a formal hearing was held on 18 March 1968. Thereafter followed further Commission action, holding that the 23 March 1967 award in relation to petitioner's average monthly wage was res judicata.

 We now consider the only issue before us, the res judicata issue. We are mindful of McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968). In view of Russell and Talley v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (decided 7 November 1969), we must agree that the 23 March 1967 award was res judicata as to the petitioner's average monthly wage.

The award is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.