469 P.2d 484

Francis E. PAGE, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Arizona House Moving Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 383.

Court of Appeals of Arizona, Division 1, Department B.

May 25, 1970.

Rehearing Denied June 22, 1970.

Review Denied July 14, 1970.

Tognoni & Pugh, by William K. Strong, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, The Industrial Commission of Arizona, Robert K. Park, Chief Counsel, by R. Kent Klein, Phoenix, for State Compensation Fund.

JACOBSON, Judge.

This review of an award of the Industrial Commission presents the limited question of the right of the Commission to change a determination of an employee-petitioner's average monthly wage.

On September 11, 1964, petitioner sustained an industrial injury. On September 22, 1966, the Industrial Commission entered findings and award which, *inter alia*, found the petitioner's average monthly wage to be $258.23. This award was not timely protested and became final. Petitioner was without counsel at that time.

On November 19, 1968, approximately two years after the above findings and award, petitioner requested the Commission to make a redetermination of the average monthly wage. Pursuant to this request, a hearing was held on September 16, 1969, at which time the Commission determined that because of an oversight on the part of both the Commission and the petitioner, the sum of $110.11 had been omitted from the base period used in calculating petitioner's average monthly wage. At this same hearing, petitioner introduced evidence to show that not only was the amount of $110.11 erroneously omitted from the base pay period, but that the method of computation used by the Commission was erroneous. In regard to this latter contention petitioner argues his average monthly wage should be determined under the provisions of A.R.S. § 23-1041, subsec. B,[1] relating to "other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality", rather than under the alternative provision of this statute relating

to "the previous wage of the injured employee" as used by the Commission.

The Commission ruled that the omission of the $110.11 item from the base period was in the nature of a clerical mistake and increased petitioner's average monthly wage to the sum of $267.66, but determined it had no jurisdiction to alter the method of computation. We agree with the Commission's determination.

 In the absence of a timely protest, an award of the Industrial Commission establishing an average monthly wage becomes final and is therefore res judicata on the wage issue. Pedigo v. Industrial Commission, 104 Ariz. 433, 454 P.2d 975 (1969); Talley v. Industrial Commission, 104 Ariz. 433, 454 P.2d 975 (1969). However, the Commission does have authority to correct bookkeeping, stenographic and clerical mistakes made in determining the average monthly wage. Martin v. Industrial Commission, 63 Ariz. 273, 161 P.2d 921 (1945); Herman v. Industrial Commission, 100 Ariz. 312, 414 P.2d 134 (1966).

 The method of computation of the average monthly wage is not a mistake of the nature referred to in *Martin* and cannot be altered after the time for protest has expired. Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217 (1949); Jacobsen v. Industrial Commission, 11 Ariz. App. 105, 462 P.2d 402 (1969).

Petitioner relies upon International Metal Products, etc. v. Industrial Commission, 6 Ariz.App. 543, 434 P.2d 659 (1967) to support his position that the method of computation of the average monthly wage may be the subject of *mutual* mistake which the Commission may correct even after an amount has become final. We do not read *International Metal Products* as so holding. In that case the Commission made an express finding that the determination of the workman's average monthly wage had never become final or res judicata and this determination was supported by the evidence.

1. Citations are to the statutes in effect prior to January 1, 1969.

**252**

The award of the Industrial Commission is affirmed.

EUBANK, P. J., and HAIRE, J., concur.