474 P.2d 847

Antonio C. GARCIA, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Kitchell Contractors, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 422.

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 1, 1970.

Rehearing Denied Oct. 30, 1970.

Morgan & Jerome, by Donald J. Morgan, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, The Industrial Commission of Arizona, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by Harlan J. Crossman, Phoenix, for respondent carrier.

STEVENS, Judge.

The issues before the Court are the average monthly wage of the petitioner, Antonio C. Garcia, and the matter of *res judicata.*\*

After a period of sporadic employment and periods of unemployment which the file indicates was a situation created by a strike in the construction industry, Antonio C. Garcia secured employment with the respondent employer on the 23rd day of August 1965. He was a 28-year old married man with children. He had a sixth grade education, dropping out of school at that point to assist in the support of the family. He later became involved in the construction industry. The employer's report of earnings discloses a wage of $3.66 per hour or $26.88 per day.

In the Workmen's Compensation file there is a clerical computation of his average monthly wage which was prepared on 14 October 1965. This computation was placed on a piece of paper which is 8½ inches by 11 inches, being the standard size of most of the papers in the file. The resulting figure was $257.28 per month. On 10, November 1965, using the statutory formula found in A.R.S. § 23–1041, subsec. B, his average monthly wage was recomputed and determined to be the sum of $549.31. This particular memorandum was placed upon a piece of paper which is 8½ inches by 5½ inches. The November memorandum contained a cross-reference to the October memorandum but the converse was not true.

Without a formal hearing, the first award was entered on 8 December 1965. It recited an average monthly wage of $257.28. No request for a hearing was filed within the 20-day period. Under Russell v. Industrial Commission of Arizona, 104 Ariz. 548, 456 P.2d 918 (1969), and Talley v. Industrial Commission of Arizona, 105 Ariz. 162, 461 P.2d 83 (1969), the award became final. These cases do not pass upon the possible exception relating to clerical or stenographic errors.

During the course of Garcia's care and treatment for his industrial injury a laminectomy was performed. The doctors agreed that Garcia could not return to construction work. He was accorded a period of adult education and a period of vocational rehabilitation training. His first gainful employment was in February 1968. By mid-November 1969 he had increased his gross monthly earnings to $348.

In the meantime he suffered financial hardships. He sustained severe pain. He was afforded a series of care and treatment as an industrial responsibility. The file before us discloses that the possibility of the need for a spinal fusion has not been completely eliminated.

Garcia employed counsel in June 1969 and in July of that year a petition was filed seeking a hearing on the issue of his average monthly wages. Without a hearing the Commission entered its award of 23 January 1970 holding that it was without jurisdiction to entertain this petition. It is the January 1970 award which is before us for review.

It appears to this Court that the initial award of 8 December 1965 which made a determination that Garcia's average monthly wage was the sum of $257.28 was a clerical or stenographic error. This may

---

\* This case is decided on the basis of the law as it existed prior to 1 January 1969.

have been brought about by the difference in the sizes of the two wage memoranda making it easy to overlook the later and correct method of computation. In the opinion of this Court the petitioner should have been afforded at least the opportunity of establishing his record.

While Russell and Talley might appear to hold to the contrary, it is our opinion that cases which permit the correction of clerical or stenographic errors have not been overruled. Some of the cases in this area of the Workmen's Compensation law in Arizona are Martin v. Industrial Commission of Arizona, 63 Ariz. 273, 161 P.2d 921 (1945); International Metal Products, etc. v. Industrial Commission of Arizona, 6 Ariz.App. 543, 434 P.2d 659 (1968) and Page v. Industrial Commission of Arizona, 12 Ariz.App. 250, 469 P.2d 484 (1970).

We express no opinion as to the authority to establish the correct monthly wage as of the date of the injury and beyond the date of the July 1969 petition. The award of 23 January 1970 is set aside.

DONOFRIO, P. J., and CAMERON, J., concur.