492 P.2d 1241

STATE COMPENSATION FUND, Petition-
er Carrier,

W. R. Schulz & Associates, Petitioner
Employer,

v.

Alfred H. McCOMB, Sr., Respond-
ent Employee,

and

The INDUSTRIAL COMMISSION of
Arizona, Respondent.

No. 1 CA–IC 633.

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 26, 1972.

Rehearing Denied Feb. 10, 1972.

Review Denied March 14, 1972.

Robert K. Park, Chief Counsel, by Har-lan J. Crossman, State Compensation Fund, Phoenix, for petitioner carrier and petitioner employer.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

HAIRE, Judge.

On this review the State Compensation Fund questions the failure of the Industrial Commission to set a hearing to consider evidence relating to the Fund's claim that an average monthly wage award previously entered by the Commission should be set aside because of an alleged mutual mistake of fact. The pertinent facts are as follows.

Respondent McComb received a compensable injury in 1967. Based upon wage information supplied by his employer, his average monthly wage was established at $675 by an award entered on July 18, 1968. This award was allowed to become final. Over two years later, the State Compensation Fund filed with the Commission a "Petition for Hearing" seeking to have the previously established average monthly wage set aside. The factual basis urged in the petition was that the Fund had just (within the past month) received a letter from the employer which indicated that the employer had been mistaken in its original wage report to the Commission. The claimed mistake was that the wages were actually paid to Mr. McComb for a job requiring the services of both Mr. and Mrs. McComb in the management of an apartment house complex, and that therefore the actual average monthly wage for Mr.

McComb should have been set at exactly one-half of the amount originally set. The Commission, being of the opinion that the petition did not set forth a legal basis for disregarding the doctrine of *res judicata*, entered an award finding that it lacked jurisdiction to change the previously established average monthly wage.

■ Initially we observe that the application of the doctrine of *res judicata* to awards entered by the Industrial Commission in workmen's compensation proceedings is not without problems. These problems arise from the fact that under the statutory scheme it is necessary that the Commission retain some continuing jurisdiction to make changes in awards even though they might otherwise be final, to reflect changed circumstances. This type of continuing jurisdiction is set forth in A.R.S. § 23–1044, subsec. F.[1] This statute allows the Commission to make changes in its awards based upon statutorily delineated events if and when these events occur after the entry of the award. Generally, while there have been some decisions which point out the "piecemeal appeals" problems inherent in allowing unquestioned interim awards the status of finality,[2] it is now well established that even interim Commission awards which are not timely questioned become final and *res judicata* as to issues determined therein, subject of course to the reopening procedures of A.R.S. § 23–1044, subsec. F as discussed above. Talley v. Industrial Commission, 105 Ariz. 162, 461 P.2d 83 (1969); Pedigo v. Industrial Commission, 104 Ariz. 433, 454 P.2d 975 (1969); Russell v. Industrial Commission, 104 Ariz. 548, 456 P. 2d 918 (1969); Smith v. Industrial Commission, 79 Ariz. 18, 281 P.2d 797 (1955).

Notwithstanding the foregoing, the Arizona decisions have recognized that under certain circumstances the *res judicata* effect of awards which otherwise appear final may be questioned. Thus in the early decision of Hamer v. Industrial Commission, 43 Ariz. 349, 31 P.2d 103 (1934) the court held that a final award could later be amended by the Commission so as to correct a stenographic error made by the Commission in the original award. This same principle was applied by the Court of Appeals in Garcia v. Industrial Commission, 13 Ariz.App. 128, 474 P.2d 847 (1970), wherein the court held that a final award fixing a claimant's average monthly wage in an incorrect amount could be amended when the error was the result of a stenographic or clerical error on the part of the Commission's staff.[3] In another early decision the Arizona Supreme Court allowed a final award to be amended upon a showing that the employer's bookkeeper had mistakenly submitted to the Commission an amount representing the wrong month's wages. Martin v. Industrial Commission, 63 Ariz. 273, 161 P.2d 921 (1945). In allowing the amendment, the court stated that ". . . we treat this award as an amendment to correct a mutual mistake of fact." The correctness of the Martin decision was subsequently questioned by the Arizona Supreme Court in its opinion in Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217 (1949), and appears to be contrary to the reasoning of the court in

1. A.R.S. § 23–1044, subsec. F, added Laws 1968, is largely a codification of prior decisional law. See in particular, Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964).

2. *See* Talley v. Industrial Commission, 9 Ariz.App. 308, 451 P.2d 886 (1969), opinion vacated by Arizona Supreme Court, Talley v. Industrial Commission, 104 Ariz. 433, 454 P.2d 975 (1969).

3. The Garcia decision must be differentiated from decisions such as Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217 (1949); Jacobsen v. Industrial Commission, 11 Ariz.App. 105, 462 P.2d 402 (1969); and Page v. Industrial Commission, 12 Ariz.App. 250, 469 P.2d 484 (1970), which hold that a mistake of law resulting in the Commission's utilizing a wrong *method* for the computation of the average monthly wage is not a clerical error or mistake by the Commission which will justify setting aside a final average monthly wage award. But see International Metal Products v. Industrial Commission, 6 Ariz.App. 543, 434 P.2d 659 (1968).

its opinion on rehearing in Talley v. Industrial Commission, 105 Ariz. 162, 166, 461 P.2d 83, 87 (1969), wherein the court stated:

*"Under these circumstances mistakes of factual matters and the conclusions to be derived therefrom are inevitable. The testing of awards, orders and findings of the Commission predicated upon such mistakes should not be postponed, often for years, until the claimant's injuries have become stabilized and lengthy rehabilitation and retraining programs have been completed.* It is in the interest of the sound administration of the Workmen's Compensation Act that an aggrieved person, whether the employee, the employer or his insurer, should promptly protest while the memories of witnesses are clear and records have not been lost or destroyed, requesting a hearing or rehearing as the case may be; and, then, if there is still disagreement, appeal expeditiously to the courts. (Emphasis added.)

 If this Court were of the opinion that the Martin decision was still controlling, we would have no hesitancy in holding that upon the facts alleged in petitioner's "Petition for Hearing" the Commission would have jurisdiction to amend the questioned award. Here, as in Martin, the employer alleges that it has made a mistake —it mistakenly submitted to the Commission a wrong figure as and for the injured workman's monthly earnings. Although we fail to see any "mistake" in the alleged circumstances on the part of the claimant, still under facts identical in principle, the Martin opinion allowed the award to be amended, electing to treat the employer's mistake as a mutual mistake of fact. However, it is our opinion that based upon subsequent *res judicata* decisions of the Arizona Supreme Court, a fact situation analogous to that in Martin can no longer be held to justify the amendment of a final Commission award on the basis of mutual mistake of fact. We therefore hold that the facts alleged in the petition for hearing

were not sufficient to give the Commission jurisdiction to amend the award. In arriving at this conclusion we are mindful of the principles enunciated in McKay v. Industrial Commission, 103 Ariz. 191, 438 P. 2d 757 (1968) to the effect that if any of its prior decisions are incorrect, the Arizona Supreme Court is the only court which can overrule those decisions. On the other hand, we are also mindful of the opinions of the Arizona Supreme Court in Talley v. Industrial Commission, 105 Ariz. 162, 461 P.2d 83 (1969), *supra*, and Pedigo, *supra*, and the many other opinions rendered by the Arizona Supreme Court subsequent to Martin which have strengthened and clarified the doctrine of *res judicata* insofar as concerns its application to awards of the Industrial Commission in workmen's compensation proceedings.

The award is affirmed.

EUBANK and JACOBSON, JJ., concur.