510 P.2d 1050

**Antonio C. GARCIA, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Kitchell Contractors, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 759.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 12, 1973.

Morgan & Jerome by Donald J. Morgan, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, State Compensation Fund by Harlan J. Crossman, Phoenix, for respondent employer and respondent carrier.

HAIRE, Judge.

The Commission's refusal to set aside its prior determination of petitioner's average monthly wage in this workmen's compensation proceeding has been previously reviewed by this Court in Garcia v. Industrial Commission, 13 Ariz.App. 128, 474 P. 2d 847 (1970). Prior to that review, the Commission, without a hearing, had entered its award holding that the doctrine of *res judicata* was applicable to its prior determination of petitioner's average monthly wage, set forth in an award issued more than three and one-half years earlier, and that therefore the Commission had no jurisdiction to reconsider the question.

In the prior review, after noting that the Commission's award had been entered without a hearing, the Court stated:

"It appears to this Court that the initial award of 8 December 1965 which made a determination that Garcia's average monthly wage was the sum of $257.28 was a clerical or stenographic error. This may have been brought about by the difference in the sizes of the two wage memoranda making it easy to overlook the later and correct method of computation. In the opinion of this Court the petitioner should have been

afforded at least the opportunity of establishing his record." 13 Ariz.App. at 129–130, 474 P.2d at 848–849.

The Court then set aside the Commission's award.

■ After remand, the Commission held a hearing at which evidence was introduced showing rather conclusively that the Commission's initial determination of petitioner's average monthly wage was not the result of clerical or stenographic error. From the evidence introduced at that hearing, it was clear that if there was error in the initial determination of petitioner's average monthly wage, it was the result of an erroneous method of computation (error in interpreting the law) which became final and *res judicata* upon the failure of the petitioner to timely request a hearing. Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217 (1949); Jacobson v. Industrial Commission, 11 Ariz. App. 105, 462 P.2d 402 (1969), and Page v. Industrial Commission, 12 Ariz.App. 250, 469 P.2d 484 (1970). *See also,* Talley v. Industrial Commission, 105 Ariz. 162, 461 P.2d 83 (1969); Pedigo v. Industrial Commission, 104 Ariz. 433, 454 P.2d 975 (1969); Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969). In State Compensation Fund v. McComb, 16 Ariz.App. 303, 492 P.2d 1241 (1972), we analyzed and discussed the prior Arizona decisions concerning the application of the doctrine of *res judicata* to average monthly wage awards. We see no necessity to again review these decisions in this opinion. Suffice it to say that these prior decisions clearly support the Commission's conclusion that under the circumstances of this case the doctrine of *res judicata* makes final the initial determination of petitioner's average monthly wage and prevents further consideration of petitioner's request filed some three and one-half years later.

Petitioner, relying upon Parsons v. Bekins Freight, 108 Ariz. 130, 493 P.2d 913 (1972), asserts that the doctrine of *res judicata* is no longer applicable to average monthly wage determinations. In our opinion Parsons does not abolish the doctrine of *res judicata,* but rather creates an additional *res judicata* exception not relevant to the average monthly wage fact situation here involved. For an in depth discussion of Parsons, *see* Taylor v. Industrial Commission, 20 Ariz.App. 46, 509 P.2d 1083, filed May 15, 1973. Additionally, we note that on March 14, 1972, the Arizona Supreme Court denied review *in* State Compensation Fund v. McComb, *supra,* a decision applying the *res judicata* doctrine to an average monthly wage determination, and that this denial of review was well after the Arizona Supreme Court had rendered its decision in Parsons v. Bekins Freight, *supra.*

■ One further contention urged by petitioner is that this Court's prior opinion determined that the petitioner's average monthly wage was the result of clerical or stenographic error and constitutes the law of the case, binding the Commission upon remand. Considering the above-quoted excerpts from the prior opinion we think it clear that such was not intended. The prior opinion merely points out that the Commission's file reflects a possibility of such stenographic or clerical error and states that the "petitioner should have been afforded at least the opportunity of establishing his record." This opportunity has been afforded to him with negative results.

The award is affirmed.

EUBANK, P. J., and JACOBSON, J., concur.