554 P.2d 892

INDUSTRIAL INDEMNITY COMPANY and Hexcel Corporation, Petitioners,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Sheila C. Webb, Respondent Employee.

No. 1 CA–IC 1398.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 21, 1976.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. C. by W. C. Wahl, Jr., Phoenix, for petitioners.

John H. Budd, Jr., Gen. Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Law Offices of J. Lavell Harper by J. Lavell Harper, Casa Grande, for respondent employee.

## OPINION

NELSON, Judge.

In this case we are called upon to decide whether the Industrial Commission erred in denying petitioner's request for a hearing to determine if the alleged mistake in the calculation of average monthly wage was a clerical error which the Commission retained jurisdiction to correct. We hold that the Commission did err in denying the request for a hearing, and we therefore set aside the award.

In June of 1973, Sheila C. Webb (Webb) filed a claim for workmen's compensation benefits for an industrial accident which occurred on May 11, 1973. The claim was accepted by Industrial Indemnity Company (Carrier) and on June 20, 1973 a Notice of Claim Status was issued calculating her average monthly wage. On June 26, 1973, the determination of the Carrier was approved by the Industrial Commission's issuance of a Notice of Average Monthly Wage. In the absence of a timely request for hearing, this determination of average monthly wage became final.

The wage calculation sheet accompanying the Notice of Claim Status indicated that the relevant dates considered were December 1, 1972 through April 5, 1973. Webb's industrial injury was sustained on May 11, 1973, thus any reference to April 5, 1973 appears to have no materiality to the determination of average monthly wage. On August 6, 1974 the Commission received a letter from the Carrier stating that the employer, Hexcel Corporation

(Hexcel), had informed them that there had been a miscalculation of average monthly wage.

On August 6, 1974, the Industrial Commission issued an Amended Notice of Average Monthly Wage wherein it established that the wage was $488.17 rather than $624.14. This was done under the authority of *Martin v. Industrial Commission*, 63 Ariz. 273, 161 P.2d 921 (1945). Webb filed a request for hearing. The hearing was set for June 27, 1975.

A Findings and Award Establishing Average Monthly Wage was issued on May 5, 1975. That award determined that the Average Monthly wage issued by the Commission on June 26, 1973 was final and res judicata. The hearing officer also found that a further hearing was unnecessary. The award was affirmed on review. A writ of certiorari was then brought to this Court by the Carrier and Hexcel.

In his Findings and Award Establishing Average Monthly Wage the hearing officer relied on the case of *State Compensation Fund v. McComb*, 16 Ariz.App. 303, 492 P.2d 1241 (1972). There it was asserted that the employer supplied erroneous wage information. The wages from which the average monthly wage figure was determined were actually paid to Mr. McComb for a job requiring the services of both him and his wife. The wage figure should therefore have been set at the amount Mr. McComb alone would have been entitled to. The Commission concluded that the petition did not set forth a legal basis for disregarding the doctrine of res judicata. An award was entered to the effect that the Commission lacked jurisdiction to change the previously established monthly wage. On appeal this Court affirmed the Commission's action for the reason that factual mistakes are not the basis for questioning the res judicata effect of awards.[1] No stenographic or clerical error was alleged.

---

1. In *McComb*, Judge Haire questioned the viability of *Martin v. Industrial Commission*, 63 Ariz. 273, 161 P.2d 921 (1945). There the

Arizona Supreme Court allowed a final award to be amended when it was shown that the employer's bookkeeper had mistakenly sub-

In *McComb,* supra, it was recognized that final awards of the Commission may be amended to correct a stenographic or clerical error. *Hamer v. Industrial Commission,* 43 Ariz. 349, 31 P.2d 103 (1934); *Garcia v. Industrial Commission,* 13 Ariz. App. 128, 474 P.2d 847 (1970). In *Hamer,* supra, an award to parents as total dependents was amended to read partial dependents. This was a correction of the record to conform to the Commission's actual findings. In *Garcia,* supra, two computations of average monthly wage appeared in the Commission's file. The first (allegedly incorrect) computation was used rather than the later (allegedly correct) statutory computation. It was the Court's opinion that the petitioner should have been afforded the opportunity to establish his record as to whether there was a clerical or stenographic error.

At the Commission's hearing after remand in *Garcia,* evidence was introduced showing that the Commission's initial determination of average monthly wage was not the result of clerical or stenographic error. The evidence showed that if there was error in the initial determination of petitioner's average monthly wage, it was the result of an erroneous method of computation (error in interpreting the law) which became final and res judicata upon failure to timely request a hearing. The award of the Industrial Commission was affirmed on a second appeal to this Court. *Garcia v. Industrial Commission,* 20 Ariz. App. 145, 510 P.2d 1050 (1973).

 The reasoning of the Court in both *Garcia* cases, supra, dictates that this case be remanded to the Industrial Com-

mission for a hearing to determine whether the alleged error comes within the res judicata exception of stenographic or clerical error. In the second *Garcia* case it is stated:

"The prior opinion merely points out that the Commission's file reflects a possibility of such stenographic or clerical error and states that the 'petitioner should have been afforded at least the opportunity of establishing his record.' This opportunity has been afforded to him with negative results." 20 Ariz. App. at 146, 510 P.2d at 1051.

It is our opinion that the Commission's file reflects a possibility of stenographic or clerical error. The "petitioners should have been afforded at least the opportunity of establishing a record." While recent cases on the subject of res judicata might appear to have weakened the cases which permit the correction of clerical or stenographic error, these cases have not been overruled. The alleged mistake in the instant case has been labeled both as a "clerical error" and as a "mistake of fact". The Commission does not retain jurisdiction to correct factual mistakes [2] and errors in the method of computation [3], however, jurisdiction is retained to correct clerical or stenographic errors. In view of the distinction between these concepts and the differing effects upon the doctrine of res judicata, we find it necessary to remand this cause to the Industrial Commission for a hearing on the nature of the error in computing the average monthly wage.

Our decision that the award must be set aside, and the case remanded to the In-

mitted an amount representing the wrong month's wages. The award was treated as an amendment to correct a mutual mistake of fact. In light of recent res judicata decisions of the Arizona Supreme Court, Judge Haire reasoned that a fact situation analogous to that in *Martin* can no longer be held to justify the amendment of a final Commission award on the basis of mutual mistake of fact. See *Talley v. Industrial Commission,* 105 Ariz. 162, 461 P.2d 83 (1969).

2. See e. g., *State Compensation Fund v. McComb,* 16 Ariz.App. 303, 492 P.2d 1241 (1972).

3. See *Steward v. Industrial Commission,* 69 Ariz. 159, 211 P.2d 217 (1949); *Jacobsen v. Industrial Commission,* 11 Ariz.App. 105, 462 P.2d 402 (1969); and *Page v. Industrial Commission,* 12 Ariz.App. 250, 469 P.2d 484 (1970). But see; *International Metal Products Division of McGraw Edison Company v. Industrial Commission,* 6 Ariz.App. 543, 434 P.2d 659 (1967).

dustrial Commission, makes it unnecessary for us to consider the applicability of *Janis v. Industrial Commission,* 111 Ariz. 362, 529 P.2d 1179 (1974), and *Chavez v. Industrial Commission,* 111 Ariz. 364, 529 P.2d 1181 (1974) to the facts of this case.

During oral argument, Industrial Indemnity abandoned its contention that the Commission did not make its own independent determination of the average monthly wage pursuant to A.R.S. § 23–1041. *Harris v. Industrial Commission,* 24 Ariz.App. 319, 538 P.2d 406 (1975), holds that the Industrial Commission can satisfy A.R.S. § 23–1061F by recomputing the figures submitted to them by the Carrier.

The award of the Industrial Commission is set aside.

HAIRE, Chief Judge, DIVISION 1 and EUBANK, P. J., concurring.